The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Steven Owen PENNINGTON,
Defendant–Appellant.

No. 98CA0506.

Colorado Court of Appeals,
Div. A.

July 8, 1999.

Certiorari Denied Dec. 6, 1999.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Clemmie P. Engle, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Robert S. Berger, P.C., Robert S. Berger, Denver, Colorado, for Defendant–Appellant.

Opinion by Justice ERICKSON.*

Defendant, Steve Owen Pennington, appeals from the trial court order denying his Crim. P. 35(c) motion as untimely and lacking justifiable excuse or excusable neglect. We affirm.

Defendant pled guilty to possession of burglary tools and was sentenced to 16 years of probation on September 30, 1994. The trial court signed the conditions of probation on October 14, 1994.

Shortly thereafter, defendant fled the state. The probation officer filed a probation revocation complaint and defendant was apprehended on the Colorado warrant in Arizona in September 1997.

On October 8, 1997, defendant made his first court appearance in Colorado for advisement on the revocation complaint. At that time defendant requested appointment of counsel. The public defender was appointed, and on October 22, 1997, the public defender filed a motion to withdraw claiming that defendant wanted to file a Crim. P. 35(c) motion alleging that he had received ineffective assistance of plea counsel.

The court granted the motion, and on October 29, 1997, private counsel was appointed. On December 3, 1997, defendant filed his Crim. P. 35(c) motion alleging ineffective assistance of his 1994 plea counsel. A motion hearing was held at which the prosecutor argued that the Crim. P. 35(c) motion was untimely under § 16–5–402, C.R.S.1998.

After argument, the trial court denied the motion, finding that the motion was untimely and that the defendant had failed to establish justifiable excuse or excusable neglect. This appeal followed.

I.

■ Defendant first argues that his Crim. P. 35(c) motion was timely. He argues that the period specified in § 16–5–402 began on October 14, 1994, when the trial court signed the conditions of probation, and that he commenced his collateral attack on October 8, 1997, when he requested the assistance of counsel. We disagree.

As pertinent here, § 16–5–402 provides that: "[N]o person who has been convicted under a criminal statute ... shall collaterally attack the validity of that conviction unless such attack is *commenced* within [three years] following the *date of said conviction.*" (emphasis added)

■ For purposes of § 16–5–402 and postconviction review, "a conviction occurs when the trial court enters judgment and sentence is imposed, if there is no appeal." *People v. Hampton,* 857 P.2d 441, 444 (Colo.App.1992), *aff'd,* 876 P.2d 1236 (Colo.1994).

Crim. P. 32(c) defines a judgment of conviction as follows:

A judgment of conviction shall consist of a recital of the plea, the verdict or findings, the sentence, the finding of the amount of presentence confinement, and costs, if any are assessed against the defendant.

Here, the sentence was imposed on September 30, 1994. That is the date of conviction for purposes of § 16–5–402. Furthermore, at the sentencing hearing, the court stated the conditions of probation. Crim. P. 32(c) does not require that the judgment of conviction be signed or that the conditions of probation be executed by the judge before judgment of conviction enters. *See* Crim. P. 32(c). Hence, defendant would have had to commence his collateral attack before September 30, 1997.

Because the date of conviction is September 30, 1994, not October 14, 1994, as defendant argues and because defendant does not

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S.1998.

contend that he commenced his collateral attack before October 8, 1997, we need not decide when a collateral attack "commences" for purposes of § 16–5–402.

## II.

■ Defendant contends, however, that even if the motion was untimely, he established justifiable excuse or excusable neglect for the late filing. He argues that the delay was caused by the process of communicating with first appointed counsel, withdrawal of counsel, appointment of private counsel, and preparation of new counsel. Again, we disagree.

An untimely collateral attack may be considered if a defendant demonstrates that the failure to seek timely relief was the result of circumstances amounting to justifiable excuse or excusable neglect. Section 16–5–402(2)(d), C.R.S.1998; *People v. Merchant,* 983 P.2d 108 (Colo.App.1999).

■ Whether the facts and circumstances qualify as justifiable excuse or excusable neglect is a question of fact ordinarily to be resolved by the trial court. *See People v. Wiedemer,* 852 P.2d 424 (Colo.1993).

■ The relevant factors a trial court should consider in making that determination include: (1) the existence of any impediments preventing a challenge to a prior conviction; (2) whether the defendant had a previous need to make a challenge; (3) whether the defendant knew that a prior conviction was constitutionally infirm or had reason to question its validity; (4) whether there existed other means to prevent use of the convictions; and (5) the effect that the passage of time has had on the government's ability to defend against the challenge. *See People v. Wiedemer, supra.*

Here, the trial court concluded that none of the grounds asserted by defendant established justifiable excuse or excusable neglect to excuse his untimely collateral attack pursuant to § 16–5–402. The trial court noted that defendant did not file his Crim. P. 35(c) motion until a probation revocation complaint was filed. In addition, the grounds asserted in the motion were matters that the defendant was aware of in 1994 when he executed the conditions of probation. Moreover, these were matters of which defendant would have been aware, even if he lacked legal sophistication. Because defendant had knowledge of these grounds in 1994, he could have called them to the attention of previous counsel, or new counsel, or directly to the court.

The court's findings show that there were no circumstances preventing defendant from challenging his conviction and that he had reason to question the constitutionality of his conviction.

Because the trial court's findings are supported by the record, we uphold the trial court's conclusion that defendant failed to establish justifiable excuse or excusable neglect for the untimely filing of his Crim. P. 35(c) motion. *People v. Thomas,* 853 P.2d 1147 (Colo.1993)(deference is to be given to the trial court's findings of fact, and when there is record support for them, a reviewing court will not overturn those findings).

The order is affirmed.

Judge RULAND and Justice KIRSHBAUM concur.