**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 14 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TODD WOODWARD,

      Petitioner-Appellant,

v.

GARY D. NEET, Warden;
ATTORNEY GENERAL FOR THE
STATE OF COLORADO,

      Respondents-Appellees.

No. 00-1063
(D.C. No. 99-Z-2327)
(COLORADO)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **EBEL**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is

therefore ordered submitted without oral argument.

Todd Woodward, appearing pro se, appeals from the denial of his petition

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, or collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, and seeks a certificate of appealabilty. For the reasons set out below, we deny the certificate and dismiss the appeal.

On May 29, 1992, Mr. Woodward pled guilty to a felony charge in Colorado state court, for which he was sentenced to fours years in the state's Community Corrections Program (CCP). This sentence was conditioned on his being accepted into the program, and on Mr. Woodward agreeing that if he re-offended while in the CCP the sentence could be converted to incarceration. In 1994, Mr. Woodward was indicted on another state charge, rejected from the CCP, and sentenced to four years (minus 220 days for presentence confinement credit) in the Department of Corrections. He did not file a direct appeal.

On October 30, 1995, Mr. Woodward filed an application for state post-conviction relief claiming his 1992 plea was not knowing and voluntary and his counsel was ineffective. The state district court denied this claim on the merits. The Colorado Court of Appeals dismissed Mr. Woodward's appeal, finding the post-conviction motion moot because his sentence had already been served. The court also held the motion untimely because state law required it to be filed within three years of the date of the conviction. *See* COLO. REV. STAT § 16-5-402.

Mr. Woodward then filed this petition for a writ of habeas corpus, making the same claims asserted in the state proceedings in addition to challenging his

classification as a habitual offender.  The district court ordered Mr. Woodward to show cause for his procedural default in the state proceedings.  Holding that Mr. Woodward failed to make this showing, the court denied his petition, dismissed the action, and refused to issue a certificate of appealability.

Because this appeal was initiated in 2000, the right to appeal "is governed by the certificate of appealability (COA) requirements now found at 28 U.S.C. § 2253(c)."  *Slack v. McDaniel*, 120 S. Ct. 1595, 1600 (2000).  When, as here,

> the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.* at 1600-01.  The Court held that both showings must be made, *id.* at 1604, and that a court may dispose of an application for habeas relief by resolving "the issue whose answer is more apparent from the record and arguments," *id.*  Courts are allowed and encouraged to resolve the procedural issues first.  *Id.*  Accordingly, we turn to the propriety of the district court's ruling that Mr. Woodward's claims are barred by his failure to show cause and prejudice for his procedural defaults in state court.

Mr. Woodward claims his procedural default was caused by two factors. First, he claims his attorney gave him poor advice regarding the appealability of

his original 1992 sentence. As the district court correctly pointed out, however, Mr. Woodward did not default his claims by failing to raise them on direct appeal; rather he defaulted due to his failure to file a timely post-conviction motion in state court. As such, his attorney's allegedly poor advice regarding his ability to bring a direct appeal was unrelated to the default caused by filing an untimely post-conviction motion. Because criminal defendants have no right to counsel to pursue state habeas relief, attorney error leading to the default of habeas claims in state court "cannot constitute cause to excuse the default in federal habeas." *Coleman v. Thompson*, 501 U.S. 722, 757 (1991).

Second, Mr. Woodward claims the mittimus form used when his sentence was converted to incarceration failed to apprise him of the correct date of the judgment to be appealed. This form is dated March 10, 1994. Near the top of the form appears the phrase "ORIGINALLY SENTENCED ON," but no date is filled in. Mr. Woodward argues that because the form was confusing, he mistakenly believed he had three years from March, 10 1994 to appeal, as opposed to three years from May 29, 1992, the date of his original sentencing.

Mr. Woodward's confusion does not excuse his procedural default. The sentence Mr. Woodward seeks to challenge is the original four year sentence to the Community Corrections Program, which was conditioned on his not reoffending during the four years. Mr. Woodward knew the date of this original

conviction. Colorado law is clear that the three-year period for seeking post-conviction review commences at the time the sentence is imposed. *See People v. Pennington*, 989 P.2d 230, 231 (Colo. Ct. App. 1999) (citing § 16-5-402). *Cf. People v. Robinson*, 833 P.2d 832, 837 (Colo. Ct. App. 1992) (defendant was not excused from failure to attack conviction within the statutory time period simply because he had no present need to attack the conviction until it was used in habitual offender proceeding). Mr. Woodward argues that his failure to understand this rule should be excused due to his ignorance of the law. However, neither his pro se status nor lack of legal training are considered to constitute an excuse for a state court procedural default. *See Steele v. Young*, 11 F.3d 1518, 1522 (10th Cir.1993). The district court's dismissal on procedural grounds was thus neither debatable nor incorrect.

We therefore **DENY** Mr. Woodward's request for a certificate of appealability and **DISMISS** his appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

-5-