24CA0990 Peo v Overstreet 08-28-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0990
Fremont County District Court No. 16CR12
Honorable Kaitlin B. Turner, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Sean Patrick Overstreet,

Defendant-Appellant.

---

ORDER AFFIRMED

Division VI
Opinion by JUDGE TOW
Yun and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 28, 2025

---

Philip J. Weiser, Attorney General, Patrick A. Withers, Assistant Solicitor
General and Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-
Appellee

Sean Patrick Overstreet, Pro Se

¶ 1     Defendant, Sean Patrick Overstreet, appeals the district court's postconviction order denying his request to reduce his restitution.  We affirm.

## I.     Background

¶ 2     In October 2016, Overstreet pleaded guilty to one count of attempted first degree murder, a class 2 felony, arising from an incident in which he stabbed the victim several times with a knife. All other charges were dismissed as part of the plea agreement.

¶ 3     The plea agreement provided that Overstreet "shall be sentenced to the Department of Corrections for a period of 30-48 years."  It also stated that Overstreet "agrees to pay full restitution plus interest."  The district court sentenced him to forty years in the custody of the Department of Corrections (DOC) and ultimately ordered $20,205.08 in restitution.

¶ 4     Over the next several years, Overstreet filed multiple postconviction motions challenging the legality of his aggravated sentence.  The district court denied each motion, concluding that Overstreet's sentence was not illegal.  Overstreet appealed two of those denials, and divisions of this court affirmed the orders.  *See People v. Overstreet*, (Colo. App. No. 20CA0098, Nov. 25, 2020) (not

1

published pursuant to C.A.R. 35(e)); *People v. Overstreet*, (Colo. App. No. 23CA0976, May 9, 2024) (not published pursuant to C.A.R. 35(e)).

¶ 5 In May 2024, Overstreet filed a motion asking the district court to waive fees and costs and the remaining amount of restitution. Finding that Overstreet was indigent, the district court waived all waivable fees and costs. But the court denied Overstreet's request to be relieved of his obligation to pay restitution, concluding that it lacked legal authority to reduce the amount of restitution owed.

## II.    Analysis

¶ 6 Overstreet contends that the district court erred by not waiving the remaining restitution he owed. Specifically, he contends that forcing him to perform labor under the DOC's work program to pay off the restitution amount constitutes involuntary servitude in violation of article II, section 26 of the Colorado Constitution.[1]

---

[1] To the extent Overstreet asserted other claims in his postconviction motion, but has not reasserted them on appeal, we deem those claims abandoned. *People v. Osorio*, 170 P.3d 796, 801 (Colo. App. 2007).

¶ 7　　Overstreet did not explicitly invoke Crim. P. 35 or its statutory counterpart, section 18-1-410, C.R.S. 2025.  Nevertheless, because his motion was filed after his conviction and involves a constitutional claim, we construe this part of Overstreet's postconviction motion under Crim. P. 35(c).  *See People v. Collier*, 151 P.3d 668, 670-71 (Colo. App. 2006); *People v. Wenzinger*, 155 P.3d 415, 419 (Colo. App. 2006).  We review de novo the denial of a Crim. P. 35(c) motion without a hearing.  *People v. Gardner*, 250 P.3d 1262, 1266 (Colo. App. 2010).

¶ 8　　Construing this claim under Crim. P. 35(c), we conclude that it is successive and time barred.

¶ 9　　Absent certain exceptions not present here, a court "shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought."  Crim. P. 35(c)(3)(VII); *see People v. Vondra*, 240 P.3d 493, 494 (Colo. App. 2010).  Because Overstreet could have raised this constitutional challenge to the restitution amount in his previous postconviction

motions, the district court was required to deny this portion of Overstreet's postconviction motion.[2]

¶ 10    Moreover, absent exceptions not alleged here, section 16-5-402(1), C.R.S. 2025, gives a defendant convicted of a non-class 1 felony three years to challenge his conviction or sentence.  In cases where there is no appeal, this period starts when the district court enters judgment and the sentence is imposed.  *People v. Pennington*, 989 P.2d 230, 231 (Colo. App. 1999); *see also* Crim. P. 35(c)(3)(I) (any motion filed more than three years after the conviction is final must allege facts to establish justifiable excuse or excusable neglect).  Overstreet first sought to challenge the restitution order seven years after his conviction was final.  Therefore, his constitutional challenge is time barred.[3]

### III.   Disposition

¶ 11    The order is affirmed.

---

[2] Though article II, section 26 of the Colorado Constitution was amended in 2018, Overstreet does not contend that this is "a new rule of constitutional law that was previously unavailable."  Crim. P. 35(c)(3)(VII)(c).

[3] To the extent Overstreet's claim could be construed as a motion to reconsider his sentence under Crim. P. 35(b), it is also time barred. *See* Crim. P. 35(b) (providing 126 days after sentencing to file such a request).

JUDGE YUN and JUDGE SULLIVAN concur.