STATE OF NORTH CAROLINA v. ERIC GLENN LANE

No. 606A05

(Filed 12 December 2008)

Appeal as of right pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a sentence of death entered by Judge Gary E. Trawick on 11 July 2005 in Superior Court, Wayne County, upon a jury verdict finding defendant guilty of first-degree murder. On 20 March 2008, the Supreme Court allowed defendant's motion to bypass the Court of Appeals as to his appeal of additional judgments. Heard in the Supreme Court on 17 November 2008.

STATE v. LANE

[362 N.C. 667 (2008)]

*Roy Cooper, Attorney General, by Robert C. Montgomery, Special Deputy Attorney General, and Derrick C. Mertz, Assistant Attorney General, for the State.*

*Ann B. Petersen for defendant-appellant.*

PER CURIAM.

The trial court entered judgment imposing the jury's capital sentence in this case on 11 July 2005. The Supreme Court of the United States decided *Indiana v. Edwards* on 19 June 2008. —— U.S. ——, 128 S. Ct. 2379, 171 L. Ed. 2d 345 (2008). Based on *Edwards*, defendant argues on appeal that he is entitled to a new trial because the trial court was unaware of its discretion to deny defendant's request for self-representation, and that if it had been aware of its discretion, the trial court would have required counsel for defendant. In light of *Edwards*, this case is remanded to the Superior Court, Wayne County, for further hearing by the presiding trial judge to determine the following issues:

(1) At the time defendant sought to represent himself in this matter, did he come within the category of "borderline-competent" (or "gray-area") defendants, *id.* at ——, 128 S. Ct. at 2384-85, 171 L. Ed. 2d at 353-55, defined by the Supreme Court of the United States as parties "competent enough to stand trial under *Dusky* [*v. United States*, 362 U.S. 402, 80 S. Ct. 788, 4 L. Ed. 2d 824 (1960) (per curiam)] but who still suffer from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves"? *Edwards*, —— U.S. at ——, 128 S. Ct. at 2388, 171 L. Ed. 2d at 357.

Only if the first inquiry is answered in the affirmative should the trial court proceed to this second issue:

(2) Given that the United States Constitution permits judges to preclude self-representation for defendants adjudged to be "borderline-competent" based on a "realistic account of the particular defendant's mental capacities," *id.* at ——, 128 S. Ct. at 2387-88, 171 L. Ed. 2d at 357, the court shall consider whether the court in its discretion would have precluded self-representation for defendant and appointed counsel for him pursuant to *Indiana v. Edwards*, and if so, whether in this case defendant was prejudiced by his period of self-representation.

**TERRY'S FLOOR FASHIONS, INC. v. CROWN GEN. CONTR'RS, INC.**

[362 N.C. 669 (2008)]

The trial court is directed to hold this hearing, make findings of fact and conclusions of law, and certify its opinion to this Court within 120 days of the filing date of this opinion.

REMANDED.