| | | |
|---|---|---|
| STATE OF NORTH CAROLINA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ERIC GLENN LANE | ) | |
| | ) | |

No. 606A05

ORDER

The Court allows the State's Motion for Clarification to the extent discussed herein. In clarification of its opinion in *State v. Lane*, 362 N.C. 667, 669 S.E.2d 321 (2008), the Court orders the following:

(1) The question of whether defendant comes within the category of "borderline-competent" (or "gray-area") defendants, as defined by the Supreme Court of the United States in *Indiana v. Edwards*, —— U.S. ——, ——, 128 S. Ct. 2379, 2384-88, 171 L. Ed. 2d 345, 353-57 (2008), shall be determined after hearing by Judge D. Jack Hooks, Jr.

Only if the first inquiry is answered in the affirmative should the trial court proceed to this second issue:

(2) If Judge Hooks determines defendant is "borderline-competent," Judge Hooks shall then decide whether, in his discretion, he would have precluded self-representation for defendant and appointed counsel for him pursuant to *Indiana v. Edwards*.

Only if the second inquiry is answered in the affirmative should the trial court proceed to this third issue:

(3) If Judge Hooks decides he would have precluded self-representation for defendant and appointed counsel for him pursuant to *Indiana v. Edwards*, the question of whether defendant was prejudiced by his period of self-representation shall be determined after hearing by Judge Gary E. Trawick.

The scope and extent of each hearing is to be determined by the trial court. The trial court is directed to hold the necessary hearings, make findings of fact and conclusions of law, and certify its findings and conclusions to this Court within 120 days of the filing date of this order.

By Order of the Court in Conference, this 9th day of March, 2009.

s/Hudson, J.
For the Court