The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Michael Joseph VONDRA,
Defendant–Appellant.

No. 09CA1007.

Colorado Court of Appeals,
Div. VI.

May 13, 2010.

John W. Suthers, Attorney General, Catherine P. Adkisson, Assistant Solicitor General, Denver, Colorado, for Plaintiff–Appellee.

Michael Joseph Vondra, Pro Se.

Opinion by Judge LOEB.

Defendant, Michael Joseph Vondra, appeals the district court's order denying his Crim. P. 35 motion. We affirm.

## I. Background

Defendant pleaded guilty to possession with intent to distribute between 450 and 1000 grams of a schedule II controlled substance-second offense. Before sentencing, defendant moved to withdraw his plea pursuant to Crim. P. 32(d), claiming his plea was not knowing, voluntary, or intelligent because his plea counsel rendered ineffective assistance. Specifically, he claimed counsel (1) did not spend enough time with him discussing the facts of the case and potential defenses; (2) conducted an inadequate investigation; (3) gave him incomplete and inaccurate

advice regarding the charges and possible sentencing consequences; and (4) pressured him into pleading guilty, thereby creating a conflict of interest between counsel and defendant.

The court held a lengthy hearing at which defendant and plea counsel both testified, and defendant and his new attorney elaborated on the factual basis for his claims. The court denied the motion and, in doing so, addressed each of defendant's claims, finding that counsel was not ineffective and that defendant's plea was knowing, voluntary, and intelligent. The court thereafter sentenced him to twenty-four years and one day in prison.

On direct appeal, defendant claimed his sentence was both illegal and unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). A division of this court affirmed defendant's sentence, concluding that the district court was statutorily required to impose an aggravated range sentence. *See People v. Vondra,* 2008 WL 391238 (Colo.App. No. 07CA0108, Feb. 14, 2008) (not published pursuant to C.A.R. 35(f)).

Defendant did not appeal the order denying his Crim. P. 32(d) motion. Despite not having challenged the validity of his guilty plea on direct appeal, defendant later filed the postconviction motion at issue here. The defendant claimed, as pertinent here, that his plea was invalid because counsel was ineffective and again challenging the legality and constitutionality of his sentence. Although defendant asserted some facts he had not alleged in his Crim. P. 32(d) motion or at the related hearing (primarily regarding how he was prejudiced by counsel's deficient performance), the crux of his claims in the Crim. P. 32(d) and Crim. P. 35(c) motions was that his guilty plea was not knowing, voluntary, and intelligent. His premise in both motions was that he decided to plead guilty based on his counsel's ineffective assistance and erroneous advice.

The same judge who ruled on the Crim. P. 35 motion had earlier presided over the providency, Crim. P. 32(d), and sentencing hearings. With regard to the Crim. P. 35(c) motion, the court again rejected defendant's ineffective assistance of counsel claims and found that he had entered a valid guilty plea after being fully advised at the providency hearing regarding the consequences of doing so. The court denied defendant's claims regarding his sentence on the ground that they had been raised and rejected on direct appeal.

## II. Legality and Constitutionality of Sentence

■ The district court properly rejected defendant's claims regarding the legality and constitutionality of his sentence as successive. *See* Crim. P. 35(c)(3)(VI); *People v. Versteeg,* 165 P.3d 760, 768 (Colo.App.2006); *People v. Martinez,* 36 P.3d 201, 205 (Colo. App.2001).

## III. Ineffective Assistance of Counsel Claims

■ Defendant maintains that the district court erred by denying his claim that his plea was not knowing, voluntary, and intelligent because plea counsel provided ineffective assistance. We conclude that the district court properly denied the motion, but we base our conclusion on grounds different from those relied on by the district court. *See People v. Aarness,* 150 P.3d 1271, 1277 (Colo.2006) (appellate court may affirm trial court's ruling on different grounds); *People v. Eppens,* 979 P.2d 14, 22 (Colo.1999) (same); *People v. Holmes,* 959 P.2d 406, 409 (Colo.1998) (same).

In accordance with Crim. P. 35(c)(3)(VII), a court must deny any claim that could have been presented in an appeal previously brought. Here, on direct appeal, defendant could have, but did not, seek review of the trial court's denial of his Crim. P. 32(d) motion or its findings that his plea was knowing, voluntary, and intelligent, and that his plea counsel was not ineffective.

The arguments defendant presented in his postconviction motion are essentially the same as those he presented in his Crim. P. 32(d) motion and could have been presented on direct appeal. Because the crux of defen-

dant's postconviction motion is that his plea was not knowing, voluntary, or intelligent, it must be denied as successive under Crim. P. 35(c)(3)(VII). The fact that defendant's motion focuses on the factual premise of the quality of his counsel's advice does not compel a different conclusion.

Although Crim. P. 35(c)(3)(VIII) provides that a defendant need not raise ineffective assistance of counsel claims on direct appeal and may instead present them for the first time in a postconviction motion, we nevertheless conclude that, under the circumstances here, defendant's claims challenge the voluntariness of his guilty plea, and, thus, they are barred as successive.

■ The rationale of Crim. P. 35(c)(3)(VIII) is that ineffective assistance of counsel claims involve factual issues that should be resolved by the trial court and are thus not properly raised for the first time on direct appeal. *See People v. Kelling,* 151 P.3d 650, 655 (Colo.App.2006) ("[B]ecause of the need for a developed factual record, an ineffective assistance of counsel claim should ordinarily be raised in a postconviction proceeding, not on direct appeal."); *see also Ardolino v. People,* 69 P.3d 73, 76 (Colo. 2003); *People v. Canody,* 166 P.3d 218, 221–22 (Colo.App.2007); *Versteeg,* 165 P.3d at 769.

Here, however, the district court held a lengthy evidentiary hearing on defendant's Crim. P. 32(d) motion and made extensive factual findings in rejecting the ineffective assistance arguments he raised in the motion and at the hearing. Thus, unlike in the cases cited above, the district court in this case had an opportunity to and did consider defendant's ineffective assistance of counsel claims before he filed his direct appeal.

By raising the same ineffective assistance of counsel claims in his postconviction motion that he raised in the Crim. P. 32(d) proceeding, defendant is attempting to relitigate claims the district court had already resolved against him. Defendant could have challenged the district court's factual findings and its conclusion that counsel was not ineffective on direct appeal, but chose not to do so. Accordingly, under the circumstances here, we conclude that the ineffective assis-

tance of counsel claims defendant raised in his postconviction motion were successive and that the district court did not err by denying his motion, albeit on different grounds. *See* Crim. P. 35(c)(3)(VII); *cf. People v. Rodriguez,* 914 P.2d 230, 249 (Colo. 1996) ("Rule 35 proceedings are intended to prevent injustices after conviction and sentencing, not to provide perpetual review"; "an argument raised under Rule 35 which does not precisely duplicate an issue raised" in a prior proceeding will be barred if it is an attempt to relitigate "the same issues on some recently contrived" theory (quoting *People v. Bastardo,* 646 P.2d 382, 383 (Colo. 1982)) ); *People v. Villarreal,* 231 P.3d 29, 34 (Colo.App. 2009) ("[W]here a defendant alleges ineffective assistance of counsel based on allegations of error raised and rejected under a plain error prejudice analysis on direct appeal, the claims of ineffective assistance of counsel must fail.").

The order is affirmed.

Judge CARPARELLI and Judge BERNARD concur.