2015 CO 37

Douglas E. WILSON, Petitioner

v.

The PEOPLE of the State of Colorado, Respondent.

William Beaty, Petitioner

v.

The People of the State of Colorado, Respondent.

Case No. 11SC554, Case No. 11SC868

Supreme Court of Colorado.

June 1, 2015

Attorney for Petitioner: Alison Ruttenberg, Boulder, Colorado

Attorneys for Respondent: Cynthia H. Coffman, Attorney General, Patricia R. Van Horn, Senior Assistant Attorney General, Denver, Colorado

Attorneys for Petitioner: Benezra & Culver, P.C., Seth J. Benezra, Lakewood, Colorado

Attorneys for Respondent: Cynthia H. Coffman, Attorney General, Ryan A. Crane, Assistant Attorney General, Denver, Colorado

CHIEF JUSTICE RICE delivered the Opinion of the Court.

¶ 1 We consider whether to adopt, pursuant to the United States Supreme Court's decision in *Indiana v. Edwards*, 554 U.S. 164, 128 S.Ct. 2379, 171 L.Ed.2d 345 (2008), a new competency standard for mentally ill defendants who wish to waive the Sixth Amendment right to counsel. Pursuant to our holding today in *People v. Davis*, 2015 CO 36, ¶ 1, —— P.3d ——, we decline to

of H.B. 12–1036.

create such a standard because Colorado's existing two-part framework for determining whether a defendant has validly waived the right to counsel affords trial courts sufficient discretion to consider a defendant's mental illness. As such, we affirm the court of appeals' decisions to retain the existing analytical framework in both *People v. Wilson,* No. 09CA1073, 2011 WL 2474295, —— P.3d —— (Colo.App. June 23, 2011), and *People v. Beaty,* No. 10CA742 (Colo.App. Oct. 27, 2011) (unpublished).[1]

### I. Facts and Procedural History

#### A. *Wilson*

¶ 2 The State charged Petitioner Douglas E. Wilson with first degree murder in 2001. The trial court appointed a public defender to represent Wilson. Citing a conflict of interest, Wilson insisted upon new representation. The trial court held a hearing on Wilson's conflict claim and determined that Wilson either had to keep the same lawyer or represent himself. The trial court advised Wilson about the dangers of representing himself pursuant to *People v. Arguello,* 772 P.2d 87 (Colo.1989). Wilson opted to represent himself with assistance from advisory counsel.

¶ 3 A few months later, Wilson appeared confused and argumentative during a hearing before the trial court. As a result of this behavior, the trial court ordered Wilson to undergo a competency evaluation. The evaluating physician determined that Wilson was competent. The trial court found Wilson competent to stand trial based on this evaluation.

¶ 4 Wilson went through two more attorneys and two more *Arguello* advisements before the trial court determined that Wilson knowingly, voluntarily, and intelligently waived his right to counsel. Six days before trial, Wilson alleged that he was no longer competent to stand trial and demanded a second competency evaluation. The evaluating physician deemed Wilson incompetent because the jail had stopped giving Wilson one of his medications. Wilson began receiving the medication soon after the evaluation.

A doctor determined that Wilson's competence had been restored about three months later. Wilson continued to represent himself in pretrial proceedings.

¶ 5 The trial court conducted another competency hearing after Wilson alleged that he was not receiving his medication properly in jail. After disagreeing with Wilson's allegations, the trial court informed Wilson that he could either represent himself at trial or waive his speedy trial rights and have an attorney appointed to represent him. Wilson chose not to waive speedy trial and continued to represent himself. At trial, Wilson received limited help from an investigator and from advisory counsel. A jury found Wilson guilty of first degree murder.

¶ 6 Wilson appealed his conviction through counsel. The court of appeals affirmed the conviction. *People v. Wilson,* No. 05CA189 (Colo.App. Feb. 14, 2008) (unpublished). Wilson then filed two Rule 35(c) motions with the trial court, one through counsel and one pro se. The trial court denied the motions because the record contradicted Wilson's claims of ineffective assistance of counsel. The court of appeals affirmed after deciding not to adopt a new standard under *Edwards. Wilson,* 2011 WL 2474295, at *8. We granted certiorari review of the *Edwards* question.

#### B. *Beaty*

¶ 7 The People charged Petitioner William Beaty with assault, criminal mischief, tampering with a victim or witness, and intimidating a victim or witness. The trial court appointed a public defender to represent Beaty in the case. A few months later, Beaty stopped communicating with his lawyer and filed a pro se motion to dismiss the public defender and appoint new counsel.

¶ 8 During a hearing on the motion, the trial court encouraged Beaty to resume communications with the public defender and told Beaty that the court would not appoint alternate defense counsel. As a result, Beaty informed the trial court that he would represent himself. The trial court strongly discouraged Beaty from proceeding pro se,

1. We granted certiorari to review the following issue: Whether, pursuant to *Indiana v. Edwards,* 554 U.S. 164, 128 S.Ct. 2379, 171 L.Ed.2d 345 (2008), this court should adopt a standard of competency for pro se representation different than that established in *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).

appointed advisory counsel to discuss the dangers of self-representation with Beaty, and continued the hearing.

¶ 9 When the hearing reconvened a week later, the trial court advised Beaty pursuant to *Arguello*. Following this advisement, Beaty decided not to represent himself and, instead, accepted representation by the public defender. Beaty stated that his original decision to proceed pro se was animated by his failure to take his psychiatric medication to control bipolar disorder and schizophrenia. The trial court reappointed the public defender.

¶ 10 The public defender subsequently asked the trial court to order Beaty to submit to a mental health evaluation. After the evaluation, the public defender informed the trial court that the evaluation's results "squelched all fears with regards to [Beaty's] competency and/or sanity."

¶ 11 On the first day of the trial, Beaty expressed a renewed desire to represent himself because he disagreed with the public defender's case strategy. The trial court advised Beaty again pursuant to *Arguello* and verified that Beaty was taking his medication. Beaty reiterated his desire to waive counsel, and the trial court granted the request. Beaty represented himself throughout the trial. The jury found him guilty of all charges.

¶ 12 Beaty appealed his convictions, arguing that he was not competent to waive his right to counsel. The court of appeals disagreed with Beaty and affirmed the convictions. Citing its decision in *Wilson* and the United States Supreme Court's decision in *Edwards*, the court of appeals concluded that the trial court properly exercised its discretion when it allowed Beaty to waive his right to counsel. *Beaty*, slip op. at 5–10. The court of appeals did not specifically analyze whether to adopt a new standard of competence for mentally ill defendants pursuant to *Edwards*. Beaty petitioned this court for certiorari review of the court of appeals' opinion.

¶ 13 We granted certiorari to determine whether to adopt a new competency standard

for mentally ill defendants in light of *Edwards*.[2]

## II. Colorado Law Does Not Require an *Edwards* Standard

¶ 14 Today we hold in *Davis*, ¶ 1, that the existing two-part totality-of-the-circumstances analysis to determine whether a defendant has validly waived the right to counsel affords trial courts sufficient discretion to consider a defendant's mental illness. This framework properly balances a defendant's Sixth Amendment right to self-representation with the right to a fair trial as contemplated by the Supreme Court in *Edwards*. We therefore need not adopt an additional standard for determining whether a defendant is competent to waive the right to counsel.

¶ 15 We accordingly affirm the judgments of the court of appeals in both *Wilson* and *Beaty* because the court of appeals refrained from adopting a new standard pursuant to *Edwards* in those cases.

---

**2.** Beaty also petitioned this court to review the question of whether the trial court substantially complied with *Arguello* when it advised Beaty of the dangers of self-representation. Although we initially granted certiorari on that issue, we deny it today as improvidently granted.