**UNITED STATES COURT OF APPEALS**      September 28, 2016

**TENACIRCUIT**

DOUGLAS WILSON,

        Petitioner - Appellant,

v.

SUSAN JONES, CSP Warden; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

        Respondents - Appellees.

No. 16-1220
(D. Colo.)
(D.C. No. 1:11-CV-01795-PAB)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **HARTZ**, **MURPHY,** and **PHILLIPS**, Circuit Judges.

This matter is before the court on Douglas Eugene Wilson's pro se request

for a certificate of appealability ("COA"). Wilson seeks a COA so that he can

appeal the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition.

*See* 28 U.S.C. § 2253(c)(1)(A). Because Wilson has not "made a substantial

showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies**

his request for a COA and **dismisses** this appeal.

A Colorado state jury convicted Wilson on charges of first-degree murder.

*Wilson v. People*, 349 P.3d 257, 258 (Colo. 2015). After Colorado state courts

denied him relief from his conviction on direct appeal and collateral review, *id.* at 258-59, Wilson filed the instant § 2254 habeas petition raising ten claims, several of which had multiple subclaims. The district court resolved Wilson's § 2254 petition in two dispositive orders.

In an order dated February 13, 2012, the district court concluded Wilson properly exhausted in state court only the following four claims: 3(a), 5, 6, and 8(b). The district court concluded all other claims were procedurally barred because they were not exhausted and Colorado state courts would now conclude they were defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirement for exhaustion; there are no state remedies any longer 'available' to him."). Therefore, the district court dismissed with prejudice, as procedurally barred, all claims except 3(a), 5, 6, and 8(b).

In a second order, this one dated May 18, 2016, the district court (1) denied Wilson's request to file an amended § 2254 petition and (2) denied on the merits the four claims left unresolved in the previous dismissal order. As to Wilson's proposed amendments, the district court concluded each of the additional four claims was procedurally barred. That is, none of the four claims had been exhausted in Colorado state court and each would be treated as defaulted if Wilson attempted to return to state court. *Id.* As to claims 3(a), 5, 6, and 8(b), the district court applied the deferential review standards set out in 28 U.S.C.

§ 2254(d)(1) and concluded the state courts' resolution of the four claims was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent.  On May 19, 2016, the district court issued its judgment, which specifically provided that the entirety of Wilson's § 2254 habeas petition was denied.

The granting of a COA is a jurisdictional prerequisite to Wilson's appeal from the denial of his § 2254 petition.  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  To be entitled to a COA, Wilson must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 336 (quotations omitted).  In evaluating whether Wilson has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims.  *Id.* at 338.  Although Wilson need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith."  *Id.*

Having undertaken a review of Wilson's appellate filings; the district court's orders of February 13, 2012, and May 18, 2016; and the entire record before this court, we conclude Wilson is not entitled to a COA.  In so concluding,

this court has nothing to add to the comprehensive analysis set out by the district court in its dispositive orders. Accordingly, this court **DENIES** Wilson's request for a COA and **DISMISSES** this appeal. All pending motions are hereby **DENIED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge