24CA2253 Peo v Perez 03-05-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA2253
El Paso County District Court No. 20CR2412
Honorable Samuel A. Evig, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

George Perez,

Defendant-Appellant.

ORDER AFFIRMED

Division VI
Opinion by JUDGE GROVE
Yun and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 5, 2026

Philip J. Weiser, Attorney General, Allison S. Block, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

George Perez, Pro Se

¶ 1    Defendant, George Perez, appeals the postconviction court's order denying his Crim. P. 35(c) motion for postconviction relief. We affirm.

## I.    Background

¶ 2    The following facts surrounding the underlying incident were gleaned from the affidavit in support of probable cause for arrest and the prosecution's information presented in support of sentencing.

¶ 3    On the morning in question, witnesses observed Perez weaving his vehicle in and out of traffic and travelling at a high rate of speed through a thirty-five-mile-per-hour zone.  As Perez entered an intersection at a speed of seventy-eight miles per hour, he T-boned the victim's car as she turned in front of him.  The victim suffered serious injuries.

¶ 4    Perez — who was the sole occupant of the car — had to be extricated from it after the crash.  After he was rescued, he admitted to consuming alcohol and marijuana the night before. Open containers of alcohol and marijuana were found inside Perez's vehicle, and a blood test obtained pursuant to a search warrant calculated his blood alcohol content to be 0.188 g/100 mL at the

time of the collision.  In a subsequent statement to police, Perez claimed that he had not been intoxicated when the crash occurred and that, in any event, a friend (who he refused to identify) had been driving the car at forty-five miles per hour when it happened.

¶ 5    In case number 20CR2412, the State charged Perez with two counts of vehicular assault, and one count each of felony driving under the influence – fourth or subsequent offense (felony DUI); misdemeanor driving under the influence; attempt to influence a public servant; reckless driving; aggravated driving after revocation prohibited; driving after revocation prohibited – habitual traffic offender; driving under restraint – alcohol related – second offense; illegal possession or consumption of alcohol in a motor vehicle; and illegal use, consumption, or possession of marijuana in a motor vehicle.  He was also charged with four habitual criminal counts.

¶ 6    While out on bond, Perez was charged with new felony offenses in case number 20CR3273.

¶ 7    During pretrial proceedings, the prosecution extended a plea offer in 20CR2412 for a stipulated ten-year prison sentence.  Perez declined the offer, the prosecution revoked it, and the matter was set for trial.  Perez subsequently failed to appear for a court date,

2

and it was reported that he had fled the state. He was eventually located and arrested. During his absence, the prosecution amended the complaint to add a first degree assault count, two related crime of violence counts, and a violation of bail bond conditions count.

¶ 8 As a result of mediation, the parties entered into agreements that resolved Perez's six pending cases. In the present case, Perez agreed to plead guilty to vehicular assault and felony DUI in exchange for the dismissal of the remaining charges and a stipulation to concurrent twelve-year sentences in the custody of the Department of Corrections (DOC). In 20CR3273, he agreed to plead guilty to possession of a weapon by a previous offender.

¶ 9 The plea agreement provided that the twelve-year DOC sentences in 20CR2412 would run concurrently with the sentences imposed in Perez's other cases, except that the court had discretion to impose the twelve-year sentences concurrently with or consecutively to the sentence imposed in 20CR3273. Since the maximum of the applicable sentencing range in 20CR3273 was six years, Perez's aggregate sentence would be between twelve and eighteen years in prison.

¶ 10     The district court accepted the stipulated resolutions in Perez's six pending cases, including his guilty pleas in 20CR2412 and 20CR3273. The court then imposed the stipulated, concurrent twelve-year DOC sentences in 20CR2412; imposed a six-year DOC sentence in 20CR3273; and ordered the sentences in 20CR2412 to run consecutively to the sentence in 20CR3273 and concurrently with the sentences in the other cases.

¶ 11     Perez later filed a Crim. P. 35(c) motion in 20CR2412 only. He alleged that counsel provided ineffective assistance by (1) failing to investigate his case; (2) advising him to flee; and (3) providing deficient representation at the mediation session and the sentencing hearing. Perez made only the following allegation of prejudice:

> Due to [counsel's] ill advice to avoid arrest on 3/15/2021 and his deficient performance and lack thereof, I was prejudiced by the court by losing the original 10 year plea offer (Strickland Vs. Washington two prong test) and just 4 days later on 3/19/2021 [the prosecutor] amended the original charges to First Degree Assault Extreme Indifference which ultimately led to an [eighteen] year sentence for Vehicular Assault/DUI.

4

¶ 12     The postconviction court summarily denied the motion. The court found that the prosecution withdrew its ten-year plea offer "months before" counsel's purported advice to abscond and that the record did not support Perez's claim that he would have taken the ten-year offer at the time it was available. The court also determined that, even accepting as true his deficient performance allegations, Perez failed to establish prejudice because he validly pleaded guilty and the record contained strong incriminating evidence.

## II.    Legal Authority and Standard of Review

¶ 13     Criminal defendants are constitutionally entitled to effective assistance from their counsel. *Ardolino v. People*, 69 P.3d 73, 76 (Colo. 2003). "In order to prevail on an ineffective assistance of counsel claim, a defendant must prove that 1) counsel's performance was deficient and 2) the deficient performance prejudiced the defense." *Dunlap v. People*, 173 P.3d 1054, 1062 (Colo. 2007). The failure to prove either one of these two prongs defeats an ineffective assistance claim. *People v. Thompson*, 2020 COA 117, ¶ 50.

¶ 14     To establish deficient performance, a defendant must prove that counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *see also Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (applying the *Strickland* test to ineffective assistance of counsel claims in cases involving guilty pleas). To establish prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

¶ 15     We review the summary denial of a Crim. P. 35(c) motion de novo. *People v. Cali*, 2020 CO 20, ¶ 14. Defendants need not set forth evidentiary support for their allegations in Crim. P. 35(c) motions, but instead need only assert facts that, if true, would provide a basis for relief. *White v. Denv. Dist. Ct.*, 766 P.2d 632, 635 (Colo. 1988). A Crim. P. 35(c) motion may be denied without an evidentiary hearing only where the motion, files, and record clearly establish that the defendant's allegations are without merit and do not warrant relief. *Ardolino*, 69 P.3d at 77. And "[t]he denial of a claim of ineffective assistance of counsel without a hearing is justified if, but only if, the existing record establishes that the

defendant's allegations, even if proven true, would fail to establish either constitutionally deficient performance or prejudice." *People v. Chavez-Torres*, 2016 COA 169M, ¶ 31, *aff'd*, 2019 CO 59.

### III.    Analysis

¶ 16    Perez contends that the postconviction court erred by failing to address his ineffective assistance claim regarding counsel's performance at the sentencing hearing.  He does not seek to withdraw his guilty pleas and instead requests a new sentencing hearing with effective counsel.

¶ 17    While the postconviction court did not specifically address counsel's performance at sentencing, we conclude that any error was harmless.  *See People v. Hartkemeyer*, 843 P.2d 92, 92 (Colo. App. 1992) (a court's failure to make findings of fact or conclusions of law in denying a Crim. P. 35(c) motion does not require reversal if the error was harmless).

¶ 18    Importantly, Perez's motion did not contain an allegation of prejudice resulting from counsel's representation at sentencing. *See People v. Delgado*, 2019 COA 55, ¶ 8 (A court may deny a Crim. P. 35(c) motion without a hearing if the claims are bare and conclusory in nature and lack supporting factual allegations.).  And,

generally, we decline to address allegations raised for the first time on appeal. *See People v. Goldman*, 923 P.2d 374, 375 (Colo. App. 1996) ("Allegations not raised in a Crim. P. 35(c) motion or during the hearing on that motion and thus not ruled on by the trial court are not properly before this court for review.").

¶ 19 Nevertheless, we conclude that Perez's allegations, if true, do not entitle him to relief. *See Cali*, ¶ 34 ("[W]e will broadly construe a pro se litigant's pleadings . . . .").

¶ 20 Initially, to the extent Perez is challenging the court's imposition of the six-year DOC sentence in 20CR3273, we decline to address that issue since he did not file a postconviction motion in that case. And, in 20CR2412, the parties stipulated to concurrent twelve-year DOC sentences and left to the court's discretion only whether those sentences would be consecutive or concurrent to the sentence in 20CR3273.

¶ 21 At sentencing, the prosecutor detailed the "egregious" facts of the underlying case when asking for consecutive sentences. Defense counsel acknowledged these "bad facts" but explained that Perez was suffering from mental, physical, and substance abuse issues. In requesting concurrent sentencing, counsel stated that

8

Perez was "worth salvaging" because he was now sober, was remorseful and accepted responsibility for the victim's injuries, and had a good family support system. Similar to defense counsel's statements, Perez accepted responsibility for the incident and asked for forgiveness.

¶ 22 While discussing the sentencing factors, the court stressed the seriousness of the underlying incident, which nearly killed the victim and caused her to suffer lasting injuries and "an unbelievable amount of pain." The court noted, as additional aggravating facts, that Perez was on probation for a second degree assault conviction at the time he caused the crash and that, during the pendency of his case, he was charged with being a convicted felon who possessed a gun while intoxicated.

¶ 23 In finding that consecutive sentencing was appropriate, the court acknowledged defense counsel's "compelling argument" but determined that the aggravating factors warranted a maximum sentence. The court also found that consecutive sentencing was justified because Perez "got a significant break by this plea agreement and [that] [his] attorney worked pretty hard for [him] to get it."

¶ 24   On this record, we conclude that Perez failed to allege facts that, if true, would establish that his counsel's performance at sentencing fell below an objective standard of reasonableness. *See People v. Wilson*, 397 P.3d 1090, 1097 (Colo. App. 2011) ("To prevail on a claim of ineffective assistance of counsel, a defendant must show that, in light of all the circumstances, the identified acts or omissions of counsel were outside the wide range of professionally competent assistance."), *aff'd*, 2015 CO 37. And, even if counsel was deficient, Perez did not present allegations that, if true, would demonstrate that, but for counsel's deficiencies, the result of the sentencing proceeding would have been different. *See People v. Villanueva*, 2016 COA 70, ¶ 68 (A "conclusory allegation is insufficient to establish prejudice under *Strickland*.").

¶ 25   Any claim raised in Perez's motion but not reasserted on appeal is abandoned. *See People v. Brooks*, 250 P.3d 771, 772 (Colo. App. 2010).

## IV.   Disposition

¶ 26   The order is affirmed.

JUDGE YUN and JUDGE SCHOCK concur.