**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Luis OSORIO, Defendant–Appellant.**

**No. 05CA1765.**

Colorado Court of Appeals,
Div. VI.

May 3, 2007.

Rehearing Denied June 21, 2007.

Certiorari Denied Nov. 19, 2007.

John W. Suthers, Attorney General, Cheryl Hone Canaday, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Andrea R. Manning, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge GRAHAM.

Defendant, Luis Osorio, appeals the trial court's order denying his Crim. P. 35(c) motion for postconviction relief. We affirm.

Following a jury trial, defendant was convicted of attempted first degree murder, first degree assault, and crime of violence. He was sentenced to thirty-four years in the Department of Corrections. A division of this court affirmed the judgment of conviction on direct appeal. *People v. Osorio*, 2003 WL 21234945 (Colo.App. No. 01CA1833, May 29, 2003) (not published pursuant to C.A.R. 35(f)).

Thereafter, defendant filed a pro se motion for postconviction relief pursuant to Crim. P. 35(c), alleging ineffective assistance of counsel. The trial court denied the motion without appointing counsel or holding a hearing. This appeal followed.

## I.

■ Initially, we address defendant's claim that he merits relief because the trial court failed to issue its order within sixty days of when the postconviction motion was filed. Crim. P. 35(c)(3)(IV) provides, in relevant part, that "[t]he court shall complete its review within sixty days of filing [of the Crim. P. 35(c) motion] or set a new date for completing its review and notify the parties of that date." Defendant argues that the trial court's failure to comply with the sixty-day rule divested the court of jurisdiction to deny the motion summarily under Crim. P. 35(c)(3)(IV), and therefore the trial court's order must be vacated and the case remanded with directions to refer the motion to the public defender and the district attorney. *See* Crim. P. 35(c)(3)(V) ("If the court does not deny the motion under (IV) above, the court shall cause a complete copy of said motion to be served on the prosecuting attorney if one has not yet been served by counsel for the defendant. If the defendant has requested counsel be appointed in the motion, the court shall cause a complete copy of said motion to be served on the Public Defender."). We are not persuaded.

The sixty-day rule was added to Crim. P. 35(c)(3)(IV) in 2004, and no Colorado case has yet interpreted it.

Time limitations have generally been characterized as directory, and not jurisdictional, unless time is of the essence; unless the statute contains negative language denying the exercise of authority beyond the time period prescribed for action; or unless disregarding the relevant provision would injuriously affect public interests or private rights. *Shaball v. State Comp. Ins. Auth.*, 799 P.2d 399, 402 (Colo.App.1990); see also *People ex rel. Johnson v. Earl*, 42 Colo. 238, 249–50, 94 P. 294, 297–98 (1908); *Wilson v. Hill*, 782 P.2d 874, 875 (Colo.App.1989). "A provision requiring a decision of a court, referee, administrative agency, or the like to be entered or filed within a definite time has generally been considered directory." *Shaball v. State Comp. Ins. Auth., supra*, 799 P.2d at 402.

Here, the applicable rule does not suggest to us that the sixty-day time limit is jurisdictional. The rule does not specify a remedy for noncompliance or suggest that failure to satisfy the sixty-day requirement vitiates the continuing jurisdiction of the court. *See People in Interest of Lynch*, 783 P.2d 848, 851 (Colo.1989). There is also no indication from the language that a defendant is entitled to relief simply because his motion was not considered within a certain period of time. In fact, the provision explicitly permits the trial court to extend the sixty-day period for completion of its review. It is not within our province to amend the rules to insert sanctions for a postconviction court's failure to comply with the sixty-day rule. Thus, under the plain language of the rule, we conclude the sixty-day provision of Crim. P.

35(c)(3)(IV) should be categorized as directory, rather than jurisdictional.

We also agree with the reasoning of those cases that have concluded that the term "shall" requires compliance, but does not deprive the court of subject matter jurisdiction. *See, e.g., Turman v. Buckallew,* 784 P.2d 774, 778 (Colo.1989) (the term "shall" in the statutes that limit the time by which a parole or probation hearing must be held is obligatory but does not limit subject matter jurisdiction); *People v. Clark,* 654 P.2d 847, 848 (Colo.1982) (same); *People in Interest of Lynch, supra,* 783 P.2d at 851 (the term "shall" in statute limiting the time by which the district court must hold hearing after a patient requests review of his certification for involuntary short-term mental health is not jurisdictional); *Shaball v. State Comp. Ins. Auth., supra,* 799 P.2d at 403 (the term "shall" in the statute that limits the time by which a hearing officer of the State Personnel Board must issue a decision requires compliance, but does not deprive the court of subject matter jurisdiction).

We are also drawn to this conclusion by considerations of efficiency and economy. To conclude that the trial court here lacked jurisdiction to deny the motion summarily would result in the order being void, and not, as defendant suggests, a ruling in his favor pursuant to Crim. P. 35(c)(3)(V). A ruling that the order is void and must be vacated would be a waste of judicial resources because the trial court could, upon remand, simply affirm its prior ruling.

We further note that defendant theoretically could have sought a writ of mandamus to compel the trial court to rule on the motion. *See* C.R.C.P. 106(a)(2) (relief may be obtained "[w]here the relief sought is to compel a lower judicial body ... to perform an act which the law specially enjoins as a duty resulting from an office, trust, or station").

Because of our resolution of this issue, we turn to the merits of defendant's ineffective assistance of counsel claims.

## II.

Defendant asserts that the trial court erred in denying his motion without holding an evidentiary hearing or appointing counsel. We disagree.

■ When the motion, the files, and the record clearly establish that the defendant is not entitled to relief, a court may deny a Crim. P. 35(c) motion without a hearing. *Ardolino v. People,* 69 P.3d 73, 77 (Colo. 2003); *People v. Kendrick,* 143 P.3d 1175, 1177 (Colo.App.2006). In such circumstances, the court may also decline to exercise its discretionary authority to appoint counsel. *People v. Russell,* 36 P.3d 92, 94 (Colo.App.2001).

A trial court may also deny relief where the allegations of counsel's deficient performance are merely conclusory, vague, or lacking in detail. *See People v. Rodriguez,* 914 P.2d 230, 300 (Colo.1996); *see also People v. Zuniga,* 80 P.3d 965, 973 (Colo.App.2003).

To establish a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's performance was outside the wide range of professionally competent assistance; and (2) the defendant was prejudiced by counsel's errors. *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984); *Davis v. People,* 871 P.2d 769, 772 (Colo.1994); *People v. DiGuglielmo,* 33 P.3d 1248, 1251 (Colo.App.2001).

In assessing the first prong of the *Strickland* test, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland v. Washington, supra,* 466 U.S. at 689, 104 S.Ct. at 2065 (quoting *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)); *see Davis v. People, supra,* 871 P.2d at 772.

To establish prejudice under the second prong of the *Strickland* test, the defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington, supra,* 466 U.S. at 694, 104 S.Ct. at 2068; *see Davis v. People, supra,* 871 P.2d at 772.

To obtain relief, the defendant must prove, by a preponderance of the evidence, each prong of the *Strickland* test. *People v. Russell, supra,* 36 P.3d at 95. If a court determines that counsel's performance was not constitutionally deficient, it need not consider the prejudice prong. *People v. Sparks,* 914 P.2d 544, 547 (Colo.App.1996). Similarly, if a court determines that a defendant failed affirmatively to demonstrate prejudice, it may resolve the claim on that basis alone. *People v. Garcia,* 815 P.2d 937, 941 (Colo.1991).

■ Here, defendant's Crim. P. 35 motion contained a list of complaints concerning two different trial attorneys. These complaints were conclusory and lacked supporting detail. They included, without limitation, allegations that counsel failed to "investigate the mental and psychological state" of defendant; failed to "advise [defendant] of his right to freely testify"; failed to conduct "proper voir dire"; failed "to investigate"; failed to "develop a proper defense"; had "an ongoing conflict of interest"; and failed to cross-examine certain witnesses.

Other than a bare assertion of errors, no detail is provided to explain why these actions were deficient or to place them in context. For example, defendant does not reveal what the cross-examination of any witnesses would have revealed.

Based upon the conclusory nature of defendant's claims, the district court was correct in summarily dismissing the motion. *See People v. Zuniga, supra,* 80 P.3d at 973. However, even if we were to give defendant the benefit of the doubt, and assume that the claims were more than merely conclusory, they nevertheless fail either because they do not state a claim of deficient performance or because they do not satisfy the prejudice prong of *Strickland.*

■ First, defendant asserts that his trial attorney rendered ineffective assistance during voir dire by failing to use a peremptory challenge or to challenge for cause a person whom defendant characterizes as an "apparently biased juror."

Defendant has not identified the juror or any example of the juror's bias. Furthermore, defendant concedes on appeal that trial counsel's decision may have been sound trial strategy when he states in his opening brief that "[o]ne can imagine reasons why counsel would leave such a juror on the jury, including a concern that an upcoming juror was worse." Thus, defendant failed to overcome the presumption that, under the circumstances, the challenged conduct of his counsel might be considered sound trial strategy. *See People v. Moody,* 676 P.2d 691, 696 (Colo. 1984) (the decision by trial counsel not to challenge a juror was a matter of trial strategy and does not support a claim of ineffective representation).

■ Second, we find no cognizable merit in defendant's contention that his trial counsel provided ineffective assistance by presenting a self-defense theory. Defendant's assertion that he objected to pursuing a theory of self-defense is belied by the record. Although defendant now emphasizes the weakness of a self-defense theory, he unequivocally stated in his postconviction motion that he "has maintained throughout the entire process that this case was one of him defending himself from the alleged victim." Under these circumstances, we conclude defense counsel's decision to pursue a theory of self-defense did not constitute deficient performance. *Cf. People v. Sherman,* 172 P.3d 911, 2006 WL 3314976 (Colo.App. No. 04CA2424, Nov. 16, 2006) (counsel's failure to explore the option of a plea bargain for defendant charged with murder did not constitute deficient performance, where defendant insisted he was innocent throughout counsel's representation and was not interested in any disposition short of dismissal of the charges).

Defendant has not established that, but for the assertion of self-defense, he would not have been found guilty. Similarly, defendant's suggestion that, but for the assertion of self-defense, he would not have had to testify makes no sense given that he did not testify.

■ Third, defendant contends that his trial counsel was ineffective because he failed to cross-examine certain witnesses and conducted only a cursory cross-examination of two others. Again, we disagree.

Defendant has not specified what the cross-examination of those witnesses would have revealed or how he was prejudiced by the alleged deficiency. Such conclusory allegations are insufficient to demonstrate that he may be entitled to postconviction relief and that the record might contain specific facts that would substantiate his claim. *See People v. Zuniga, supra,* 80 P.3d at 973.

Furthermore, defendant concedes on appeal that the decision not to cross-examine certain witnesses could have been a tactical decision, and he has provided no reason to believe that cross-examination of the witnesses would have been of any more benefit to the defense than the course followed by counsel. Thus, defendant failed to overcome the presumption that, under the circumstances, the challenged conduct of his counsel might be considered sound trial strategy. *See People v. Moody, supra,* 676 P.2d at 696.

■ We also reject defendant's assertion that trial counsel's failure to cross-examine witnesses denied him his constitutional right of confrontation. Defendant misapprehends the potential issue presented by that failure. A defendant's right to confront the witnesses against him is satisfied by the *opportunity* for effective cross-examination. *See People v. Fry,* 92 P.3d 970, 978 (Colo.2004) ("The right to confrontation is basically a trial right. It includes both the opportunity to cross-examine and the occasion for the jury to weigh the demeanor of the witness."). Defendant does not argue, and nothing in the record indicates, that he was deprived of the opportunity to confront the witnesses against him.

■ Fourth, we reject defendant's contention that his trial counsel was deficient for withdrawing the motion to suppress a statement defendant made to the police while he was on morphine. Because the majority of the statement was self-serving, we are unable to discern any prejudice resulting from failure to seek suppression of the statement.

We find no merit in defendant's contention that his right to testify in his own defense was chilled because he could have been impeached by this statement. Once again, because defendant did not testify, we can only speculate as to whether he was prejudiced by trial counsel's failure to suppress the statement. *Cf. People v. Brewer,* 720 P.2d 596, 597 (Colo.App.1985) ("An accused must testify in order to obtain appellate review of a trial court's ruling that a previous conviction could have been used for impeachment."). Because a defendant's decision not to testify seldom turns on a single factor, we cannot assume that the adverse ruling motivated defendant's decision here. *See People v. Brewer, supra,* 720 P.2d at 597. Finally, because the statement was never introduced at trial, it was never used against defendant in any way.

Fifth, defendant claims that his counsel's failure to request a limiting instruction constituted ineffective assistance of counsel. On direct appeal, a division of this court found the error to be harmless beyond a reasonable doubt. *People v. Osorio, supra.* In light of that ruling, defendant cannot establish that he was prejudiced by counsel's error.

■ Last, defendant contends that his trial counsel was ineffective for failing to investigate whether defendant had a prior arrest for domestic violence and, if so, for failing to ascertain whether the prior arrest could be used for impeachment purposes. Because defendant did not raise this particular issue in his Crim. P. 35(c) motion, we decline to consider it. *See People v. Goldman,* 923 P.2d 374, 375 (Colo.App.1996) ("Allegations not raised in a Crim. P. 35(c) motion or during the hearing on that motion and thus not ruled on by the trial court are not properly before this court for review.").

■ We note that those claims raised in defendant's postconviction motion, but not reasserted here, have been abandoned on appeal. *See People v. Rodriguez, supra,* 914 P.2d at 249 (defendant's "failure to specifically reassert on this appeal all of the claims which the district court disposed of ... constitutes a conscious relinquishment of those claims which he does not reassert").

Because defendant's allegations were conclusory, failed to allege prejudice or were refuted by the record, we perceive no error by the court in summarily denying defendant's motion without appointing counsel or

holding an evidentiary hearing. *See People v. Kendrick, supra,* 143 P.3d at 1177.

The order is affirmed.

Judge DAILEY and Judge PLANK * concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2006.