24CA0465 Peo v Gray 03-27-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0465
Mesa County District Court No. 18CR1089
Honorable Richard T. Gurley, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Ronald Gray,

Defendant-Appellant.

---

ORDER AFFIRMED

Division I
Opinion by JUDGE YUN
J. Jones and Brown, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 27, 2025

---

Philip J. Weiser, Attorney General, Carmen Moraleda, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

M. Linton Wright, Alternate Defense Counsel, Lafayette, Colorado, for
Defendant-Appellant

¶ 1    Defendant, Ronald Gray, appeals the postconviction court's order denying his Crim. P. 35(c) motion without a hearing. We affirm.

## I.    Background

¶ 2    The People charged Gray with second degree kidnapping, second degree assault, attempt to influence a public servant, forgery, and criminal impersonation based on evidence of the following events. Gray and his girlfriend, C.T., were parked on the shoulder of a highway when Mesa County Sheriff's Deputy Benjamin Garner approached to see if they were okay. Gray provided Garner with a false name and identification and signed a summons using that false name. Garner saw the couple arguing before he left the area.

¶ 3    Gray then walked to get gas while C.T. waited on an embankment near their parked car. Upon his return, Gray dragged C.T. by her hair, kicked and struck her in the face and ribs, forced her into the car, and drove her to Utah against her will. The next day, someone noticed C.T.'s injuries at a gas station and called the police. Upon their arrival, police requested an ambulance for C.T.,

who was later diagnosed with several rib fractures, a collapsed lung, and other injuries.

¶ 4    While awaiting trial, Gray was charged in a second case based on several jail-recorded phone calls in which he urged C.T. to change her story or avoid testifying in this case. Gray was represented by a series of six defense attorneys during this time. The sixth attorney, Joshua Martin, represented Gray beginning in September 2019. In January 2020, Gray's second case proceeded to trial, and a jury found him guilty of six counts of witness tampering and eight counts of violating a protection order.

¶ 5    In February 2020, Gray pleaded guilty in this case to second degree assault causing serious bodily injury (SBI) — a crime with a presumptive sentencing range of five to sixteen years in the custody of the Department of Corrections (DOC). *See* § 18-3-203(1)(g), C.R.S. 2024 (defining second degree assault – SBI); *see also* § 18-1.3-401(1)(a)(V)(A), (8)(a)(I), (10)(b)(XII), C.R.S. 2024; § 18-1.3-406(2)(a)(II)(C), C.R.S. 2024. In exchange, the People agreed to dismiss all remaining charges — kidnapping, forgery, and

criminal impersonation — and stipulated to a reduced DOC sentencing range of five to eight years.[1]

¶ 6 During Gray's sentencing hearing, Martin called an addiction-recovery program director to testify on Gray's behalf. Martin argued for a DOC sentence of five or six years based on Gray's commitment to the recovery program, his cooperation with law enforcement while in jail, the difficulties of family visitation given that they live far away, and the low likelihood of reoffending due to his advanced age. The district court imposed a sentence of seven years in DOC custody.

¶ 7 Gray timely filed a pro se Crim. P. 35(c) motion claiming, among other things, that five of his defense attorneys had provided ineffective assistance. The postconviction court forwarded the motion to the public defender and to the prosecution. Alternate defense counsel entered his appearance and supplemented Gray's pro se motion, asserting three ineffective assistance claims. The prosecution responded that the claims in the motion and supplement were vague, conclusory, and failed to allege prejudice.

---

[1] The court dismissed Gray's attempt to influence charge after the preliminary hearing.

In a written order, the district court agreed with the prosecution and denied the motion without granting an evidentiary hearing.

## II.    Discussion

¶ 8      Gray contends on appeal that the postconviction court erred by summarily denying his Rule 35(c) motion because he alleged sufficient facts to warrant an evidentiary hearing on certain ineffective assistance claims.  Namely, he asserts that defense counsel failed to adequately (1) investigate; (2) present mitigation evidence at sentencing; and (3) communicate about or provide him with discovery.  We conclude that the district court properly denied these claims without a hearing.

### A.    Standard of Review and Applicable Law

¶ 9      We review de novo a postconviction court's decision to deny a Crim. P. 35(c) motion without a hearing.  *People v. Higgins*, 2017 COA 57, ¶ 11.

¶ 10     A defendant need not provide evidence for the allegations in his motion, but he must assert facts that would provide a basis for relief.  *White v. Denver Dist. Ct.*, 766 P.2d 632, 635 (Colo. 1988).  To seek relief based on a claim of ineffective assistance of counsel, a defendant must allege facts that, if true, would show that

(1) defense counsel's performance was deficient, and (2) this deficient performance prejudiced the defendant.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To allege prejudice in the context of a guilty plea, a defendant must assert facts showing a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial.  *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *People v. Garcia*, 815 P.2d 937, 943 (Colo. 1991); *People v. Sifuentes*, 2017 COA 48M, ¶ 20.

¶ 11     When, as here, the postconviction court does not deny the motion under Crim. P. 35(c)(3)(IV), it must grant a hearing after the prosecution's response "unless, based on the pleadings, the court finds that it is appropriate to enter a ruling containing written findings of fact and conclusions of law."  Crim. P. 35(c)(3)(V); *see People v. Chalchi-Sevilla*, 2019 COA 75, ¶ 26 (holding that the court may deny a hearing in these circumstances when it concludes that the claims lack sufficient factual grounds for relief); *see also People v. Segura*, 2024 CO 70, ¶ 26 n.8.  If the pleadings fail to allege particularized facts for either *Strickland* prong, the court may deny the claim without a hearing.  *Ardolino v. People*, 69 P.3d 73,

5

77 (Colo. 2003); *see also People v. Esquibel-Alaniz*, 985 P.2d 22, 25 (Colo. App. 1999).

### B. Inadequate Investigation Claim

¶ 12 Gray's motion and supplement claim that defense counsel failed to adequately investigate alternative suspects, C.T.'s criminal history, C.T.'s impairment due to drug use, and possible mitigation witnesses. A defendant claiming that counsel provided ineffective assistance by conducting an inadequate investigation must explain with sufficient specificity what additional investigative steps counsel should have taken, what the results of those efforts would have been, and how they would have affected the outcome of the case. *See People v. Zuniga*, 80 P.3d 965, 973 (Colo. App. 2003).

¶ 13 Gray alleged that counsel's investigation was inadequate based on the following failures:

- Regarding an alternative suspect for the assault charge, counsel failed to investigate "a possible female suspect" of Native-American or Hispanic descent who could have been responsible for C.T.'s injuries or to follow up with a lead who could have helped locate the suspect.

- Regarding C.T.'s criminal history, counsel withheld C.T.'s criminal records, including active out-of-state warrants and drug crimes, from him.

- Regarding C.T.'s drug use, counsel failed to investigate a toxicology report from C.T.'s emergency room visit that would have shown that C.T. had recently used methamphetamine.

- And regarding mitigation evidence, Gray alleged that Martin did not interview family witnesses for sentencing mitigation purposes.

¶ 14 We agree with the postconviction court that Gray failed to sufficiently allege deficient performance as to witness interviews because he did not identify which witnesses should have been interviewed or describe what information they would have provided. *See People v. Osorio*, 170 P.3d 796, 799 (Colo. App. 2007) ("A trial court may also deny relief where the allegations of counsel's deficient performance are merely conclusory, vague, or lacking in detail."). We also conclude that Gray did not sufficiently allege *Strickland* prejudice for any of his inadequate investigation claims because he did not explain how any evidence that counsel could

7

have turned up would have affected the outcome of the case. In other words, he did not allege facts showing a reasonable probability that, but for counsel's inadequate investigation, he would not have pleaded guilty and would have insisted on going to trial. *See Garcia*, 815 P.2d at 943; *People v. Stovall*, 2012 COA 7M, ¶ 29. We note that the alleged investigative deficiencies pertain primarily to Gray's assault charge, and if Gray had proceeded to trial, he faced a DOC sentence of up to thirteen and a half years on his kidnapping, forgery, and impersonation charges alone.

¶ 15    As best we can determine from the motion and supplement, Gray's only allegations relevant to the issue of prejudice were that (1) unspecified evidence "would have exonerated [him] or possibly changed the outcome of [his] cases"; and (2) if Martin had interviewed "witnesses" and "learned the content of what information they could provide," the outcome of his case "may have been [a]ffected." These vague and conclusory allegations are not enough to plead prejudice under *Strickland*. *See, e.g.*, *People v. Melendez*, 2024 COA 21M, ¶¶ 34-35 (affirming the summary denial of an ineffective assistance claim that did not allege specific facts to explain how the result would have been different if defense counsel

8

had interviewed and elicited testimony from a certain witness).

Accordingly, we conclude that the postconviction court properly denied this claim without a hearing. *See Ardolino*, 69 P.3d at 77.

### C. Mitigation Claim

¶ 16 Next, Gray claims that Martin failed to present adequate mitigation evidence at sentencing. Gray's supplemental motion baldly alleged that Martin's performance was deficient because he failed to present unnamed character witnesses, to contact or present statements from "family members," and to present evidence of his "mental health, substance abuse needs, or any other collateral mitigation." But Gray did not specify who might have been called, what statements or evidence might have been presented, or how that mitigation would have changed the district court's decision on his sentence. We agree with the postconviction court that this vague and conclusory claim does not merit a hearing. *See Osorio*, 170 P.3d at 799.

### D. Discovery Communication Claim

¶ 17 Gray claims that Martin's performance was deficient because he failed to communicate about discovery — specifically, *all* of his jail-recorded phone calls, the forensic evidence, and the forensic lab

9

report — or make that evidence available for his review. Gray explained that Martin disclosed only ten jail-recorded phone calls out of the approximately fifty calls he made to C.T. And he specified that Martin withheld forensic and photographic evidence showing that he did not have wounds, blood spatter, or C.T.'s DNA on him at the time of his arrest.

¶ 18    Taking these allegations as true and assuming, without deciding, that Martin's performance was deficient as to sharing this evidence with Gray, we cannot conclude that Gray sufficiently alleged *Strickland* prejudice. He alleged that he "would have elected to pursue different options in this case" if he had been able to review discovery, but once again, he did not explain how his consideration of the missing phone calls or forensic evidence would have affected his decision to plead guilty rather than proceed to trial. *See Garcia*, 815 P.2d at 943. Because Gray did not sufficiently allege prejudice under *Strickland*, we conclude that the postconviction court properly denied this claim without a hearing. *See Ardolino*, 69 P.3d at 77.

## E.    Final Considerations

¶ 19    Gray's opening brief adds substantial context to his inadequate investigation claim, alleging that Martin inadequately investigated "impeachment evidence" and elaborating on how this evidence could have undermined C.T.'s credibility at trial. The brief also adds that Martin unreasonably failed to investigate mitigation factors because he did not seek a mental health evaluation. And it alleges for the first time that there was a "breakdown in communication" between Gray and Martin. We do not address these allegations because they were not presented to the district court. *See People v. Goldman*, 923 P.2d 374, 375 (Colo. App. 1996) ("Allegations not raised in a Crim. P. 35(c) motion . . . and thus not ruled on by the trial court are not properly before this court for review."); *see also People v. Rodriguez*, 914 P.2d 230, 251 (Colo. 1996) (rejecting the defendant's "attempts to use his brief on . . . appeal to fortify a number of issues inadequately raised or supported by his [postconviction] motion").

¶ 20    Moreover, we do not address any of the numerous claims raised in the pro se Crim. P. 35(c) motion but not discussed on

11

appeal; we deem those claims abandoned.  *See People v. Delgado*,

2019 COA 55, ¶ 9 n.3.

### III.    Disposition

¶ 21    The order is affirmed.

JUDGE J. JONES and JUDGE BROWN concur.