23CA0239 Peo v Merchant 08-07-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA0239
Douglas County District Court No. 10CR403
Honorable Theresa Slade, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Thomas Phil Merchant,

Defendant-Appellant.

---

ORDER AFFIRMED AND APPEAL DISMISSED IN PART

Division V
Opinion by JUDGE GROVE
Welling and Johnson, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 7, 2025

---

Philip J. Weiser, Attorney General, Carmen Moraleda, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Tillman Clark, Alternate Defense Counsel, Denver, Colorado, for Defendant-
Appellant

¶ 1     Defendant, Thomas Phil Merchant, appeals the postconviction court's order denying his Crim. P. 35(c) motion.  We dismiss a portion of Merchant's appeal and otherwise affirm the court's order.

I.     Background

¶ 2     In 2010, Merchant was arrested and charged with theft by receiving, a traffic offense, and five habitual criminal charges.  He pleaded not guilty and a jury trial was scheduled for August 2011.  The case then progressed as follows:

- On July 29, 2011, Merchant waived his right to a speedy trial.  The trial was rescheduled for November 28, 2011.

- On August 23, 2011, the trial court was notified that Merchant had been arrested in Wyoming on a warrant from Nebraska.  He was incarcerated in Nebraska from August 2011 until August 2014.

- On August 24, 2011, after learning of the Wyoming arrest, the trial court issued a no bond hold warrant for Merchant.

- On November 22, 2011, Merchant's counsel requested that the jury trial be vacated.  The motion was granted.

- In September 2014, after he had completed his sentence in Nebraska and returned to Colorado, Merchant appeared on

the warrant and the court set a monetary bond. Merchant then appeared with his attorney and waived speedy trial. The trial was subsequently set for January 21, 2015.

- On the morning of the first day of trial, defense counsel orally moved to dismiss the case, arguing that Merchant's constitutional right to a speedy trial had been violated by the delay in bringing him to trial. The court denied the motion.

- A jury found Merchant guilty of theft by receiving and the traffic offense. He was subsequently convicted of the five habitual criminal counts. Merchant was sentenced to forty-eight years in the custody of the Department of Corrections.

- After trial, Merchant filed a motion raising, among other things, the constitutional speedy trial issue. The court denied the motion.

- Merchant, through counsel, filed a direct appeal in which he argued that the evidence presented at trial was insufficient to support his conviction, challenged the admission of certain evidence offered by the prosecution, and asserted that he should receive the benefit of

amendatory legislation that would have the effect of reducing his prison sentence. The appeal did not assert that Merchant's constitutional speedy trial rights had been violated. A division of this court affirmed his convictions and sentence. *See People v. Merchant,* (Colo. App. No. 15CA0811, Jan. 12, 2017) (not published pursuant to C.A.R. 35(e)).

- Merchant filed a petition for a writ of certiorari. After deciding *People v. Stellabotte,* 2018 CO 66, the Colorado Supreme Court granted certiorari on the sentencing question, vacated the division's opinion, and remanded the case. The division vacated Merchant's sentence. *See People v. Merchant,* (Colo. App. No. 15CA0811, Jan. 17, 2019) (not published pursuant to C.A.R. 35(e)).

- On remand to the trial court, Merchant was resentenced to a sentence of twenty-four years in the custody of the Department of Corrections.

¶ 3 Merchant then filed a timely pro se Crim. P. 35(c) petition for postconviction relief. As relevant to this appeal, he claimed that the trial court violated his right to a speedy trial and that his direct

appeal counsel was ineffective because he "did not bring the issue of speedy trial violation to the higher court."[1]  Although Merchant's pro se motion mentioned both the constitutional and statutory right to a speedy trial, he did not develop any substantive argument concerning the constitutional right.  The postconviction court appointed counsel, who filed a two-page document titled "Adoption and Amendment of Crim. P. 35(c) Petition for Relief." Acknowledging that Merchant's pro se motion had "base[d] his speedy trial argument on a violation of [section 18-1-405, C.R.S. 2024]," postconviction counsel "amend[ed]" Merchant's pro se motion "[t]o include the authority of the Sixth Amendment to the United States Constitution and Art. 2, Sec. 16 of the Colorado Constitution."  Like the pro se motion, however, postconviction counsel's supplemental motion did not offer any substantive explanation of how Merchant's constitutional speedy trial rights had been violated.  And, although the supplement mentioned

---

[1] Merchant also claimed that trial counsel was ineffective and that the trial court lacked jurisdiction over his claims.  He has abandoned those arguments on appeal.  *See People v. Osorio*, 170 P.3d 796, 801 (Colo. App. 2007) ("[C]laims raised in [a] defendant's postconviction motion, but not reasserted [on appeal], have been abandoned on appeal.").

Merchant's pro se claim regarding direct appeal counsel's performance — specifically, the omission of a constitutional speedy trial claim on direct appeal — it did not include any additional argument on that claim at all.

¶ 4 Approximately six weeks later, Merchant filed a pro se "Petition for a Writ of Habeas Corpus," in which he argued that his sentence was constitutionally disproportionate and requested that the court provide him with "a new Habitual Sentencing hearing that includes a new abbreviated proportionality review." The court denied Merchant's Crim. P. 35(c) motion in a written order a few days later. Its order did not address the "habeas" petition.

¶ 5 Merchant appeals, arguing that the court erred by failing to hold a hearing on (1) his constitutional speedy trial claim; (2) his claim that direct appeal counsel was ineffective; and (3) his request for an abbreviated proportionality review.

II. The Postconviction Court's Order

¶ 6 Merchant's appeal includes two interrelated constitutional speedy trial claims: (1) that the trial court should have granted his pretrial motion to dismiss because the delay in bringing him to trial violated his constitutional speedy trial right, and (2) that direct

appeal counsel provided ineffective assistance of counsel by failing to challenge the trial court's constitutional speedy trial ruling.

¶ 7   As we have already discussed, however, Merchant's pro se motion raised only a statutory speedy trial claim.  Postconviction counsel's supplement incorporated that argument and then purported to "amend" Merchant's pro se motion to add a constitutional speedy trial claim.  The constitutional claim added by counsel, however, was cursory in the extreme.  Indeed, it did no more than cite the relevant portions of the Federal and Colorado Constitutions and assert that counsel was adding the constitutional claim because section 18-1-405, the speedy trial statute, "implement[s] . . . the constitutional rights to a speedy trial."

¶ 8   In a written order analyzing the constitutional speedy trial factors outlined in *Barker v. Wingo*, 407 U.S. 514, 525 (1972), based on Merchant's motion, the supplement, the existing record, and the People's response, the court concluded that (1) the delay between Merchant's arraignment and trial was "more than four and a half years," but (2) most of the delay was "attributable to Merchant," (3) Merchant did not assert his speedy trial right until the first day of his trial, and had entered several speedy trial waivers before

6

then, and (4) the motion and supplement did not assert that Merchant was prejudiced as a result of the delay. The court thus found that there had been no violation of Merchant's constitutional speedy trial right. Although the court discussed Merchant's repeated waivers of his statutory right to a speedy trial, it did not explicitly resolve his statutory speedy trial claim.

¶ 9     Turning to Merchant's allegation of ineffective assistance of direct appeal counsel, the court observed that Merchant had not "assert[ed] that the speedy trial issue was stronger than the other issues raised in the appeal." Accordingly, based on the holding in *People v. Trujillo*, 169 P.3d 235, 238 (Colo. App. 2007), the court appears to have concluded that the omission of that argument was a strategic decision. In any event, however, the court ruled in the alternative that Merchant would have been unlikely to prevail on a constitutional speedy trial claim even if it had been raised on direct appeal.

### III.    Standard of Review and Applicable Law

¶ 10     We review a postconviction court's denial of a Crim. P. 35(c) motion without a hearing de novo. *People v. Wilson*, 397 P.3d 1090, 1094 (Colo. App. 2011), *aff'd*, 2015 CO 37. We also review

7

interpretations of the rules of criminal procedure de novo, *People v. Corson*, 2016 CO 33, ¶ 44, including whether a postconviction motion is successive, *People v. Thompson*, 2020 COA 117, ¶ 42.

¶ 11    Crim. P. 35(c) permits postconviction review of alleged constitutional errors in criminal proceedings. *People v. Sherman*, 172 P.3d 911, 915-16 (Colo. App. 2006). A postconviction court may deny a Rule 35(c) motion without a hearing when (1) the motion, files, and record clearly establish that the defendant is not entitled to relief; (2) the allegations, even if true, do not provide a basis for relief; or (3) the claims are bare and conclusory in nature and lack supporting factual allegations. *See* Crim. P. 35(c)(3)(IV); *People v. Venzor*, 121 P.3d 260, 262 (Colo. App. 2005). If a court summarily denies a postconviction motion, it "shall enter written findings of fact and conclusions of law in denying the motion." Crim. P. 35(c)(3)(IV).

¶ 12    The Rule also bars successive postconviction claims. A Crim. P. 35(c) claim is successive if it was previously raised and resolved or could have been previously raised and resolved in a prior appeal or postconviction proceeding. Crim. P. 35(c)(3)(VI)-(VII). "Rule 35 proceedings are intended to prevent injustices after conviction and

sentencing, not to provide perpetual review." *People v. Rodriguez*, 914 P.2d 230, 249 (Colo. 1996). Subject to exceptions inapplicable here, a court is required to deny any successive postconviction claims. *See* Crim. P. 35(c)(3)(VI)-(VII).

## IV. Constitutional Speedy Trial

¶ 13 We decline to address Merchant's constitutional speedy trial claim because, even if we were to assume that it was adequately asserted in Merchant's postconviction motion or supplement, it is successive. As noted above, Crim. P. 35(c)(3)(VII) requires dismissal of a claim that, in the exercise of due diligence, could have been presented in a prior appeal or postconviction proceeding. *See People v. Valdez*, 178 P.3d 1269, 1275 (Colo. App. 2007). This rule is mandatory, meaning a postconviction court *must* deny a procedurally barred claim. *People v. Taylor*, 2018 COA 175, ¶ 17.

¶ 14 Merchant does not deny that his constitutional speedy trial claim could have been included in his direct appeal. Indeed, his contention that direct appeal counsel was ineffective because he omitted that issue demonstrates that it could have been raised in

9

an earlier proceeding.[2]  Nor does he contend that any of the exceptions in Crim. P. 35(c)(3)(VII) apply.

¶ 15    Instead, in his reply brief, Merchant urges us to overlook the bar on successive postconviction motions in the interest of judicial economy and address the issues he raises due to the "obvious ineffectiveness of postconviction counsel that prevented proper presentation of Merchant's constitutional claims."  While we recognize the existence of authority that provides us with some flexibility in this area, *see, e.g.*, *People v. Huggins*, 2019 COA 116, ¶ 19, we are not persuaded that judicial economy would be furthered by either addressing the merits of Merchant's constitutional speedy trial claim or reversing the postconviction court's order.  We therefore conclude that the postconviction court appropriately ruled that Merchant was not entitled to a hearing on his constitutional speedy trial claims, albeit on different grounds. *See People v. Glover*, 2015 COA 16, ¶ 22 (holding that an appellate court may affirm a postconviction court's ruling on grounds

---

[2] Constitutional speedy trial claims may be, and frequently are, raised on direct appeal.  *See, e.g., People v. West*, 2019 COA 131, ¶¶ 6-15; *People v. Jompp*, 2018 COA 128, ¶¶ 28-34; *People v. Valles*, 2013 COA 84, ¶¶ 44-51.

10

different from those employed by the postconviction court, as long as they are supported by the record).

## V. Direct Appeal Counsel

¶ 16 As we have already noted, Merchant's claim that he received ineffective assistance of counsel in his direct appeal is based on his constitutional speedy trial claim. In particular, he argues that direct appeal counsel was ineffective because the appeal he filed did not raise the constitutional speedy trial issue, and that if it had, the result of the appeal would have been different. The postconviction court rejected this claim without holding a hearing, and we discern no error in that ruling.

## A. Applicable Law

¶ 17 Both the United States and Colorado Constitutions guarantee a criminal defendant a right to the effective assistance of counsel. U.S. Const. amends. VI, XIV; Colo. Const. art. II, § 16. The United States Supreme Court established the test for the ineffective assistance of counsel in *Strickland v. Washington,* 466 U.S. 668 (1984). To prevail on an ineffective assistance of counsel claim, a defendant must prove that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Id.* at

687.  Unless both showings are made, a defendant has not proved that he was denied the effective assistance of counsel.  *Id.*

¶ 18     For the performance prong, a defendant must prove that counsel's representation "fell below an objective standard of reasonableness."  *Id.* at 688.  In conducting the reasonableness inquiry, a court must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  *Id.* at 689.  And "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.*

¶ 19     For the prejudice prong, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.  "Only where both the performance prong and the prejudice prong have been proven will a defendant be entitled to postconviction relief because of the ineffective assistance of counsel."  *Dunlap v. People*, 173 P.3d 1054, 1063 (Colo. 2007).  "Because a defendant must show both deficient

12

performance and prejudice, a court may resolve the claim solely on the basis that the defendant has failed in either regard." *People v. Romero*, 2015 COA 7, ¶ 25.

¶ 20    "The same two-part *Strickland* test applies to claims of ineffective assistance of appellate counsel." *People v. Long*, 126 P.3d 284, 286 (Colo. App. 2005). To demonstrate the performance prong, "the defendant must show that counsel failed to present the case effectively. For example, a defendant could demonstrate error by showing that appellate counsel ignored issues that are clearly stronger than those presented." *Id.* But "[a]ppellate counsel is not required to raise on appeal every nonfrivolous issue a defendant desires to raise." *Trujillo*, 169 P.3d at 238. "'[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome,' even in the context of a direct appeal." *Id.* (quoting *Ellis v. Hargett*, 302 F.3d 1182, 1189 (10th Cir. 2002)). "To demonstrate prejudice, the defendant must show a reasonable probability [of success]." *Long*, 126 P.3d at 286.

## B.    The Postconviction Motion

¶ 21    In his pro se postconviction motion, Merchant alleged in pertinent part:

> The trial court denied Merchant's Motion to Dismiss due to a Speedy Trial Violation. The defendant contends that this was error on the Court's part (see Issue #1, above [the Speedy Trial Argument]). The court denied the motion, in part, due to the fact that Merchant 'absented himself' from trial due to incarceration in Nebraska . . . . The defendant was prejudiced by this omission in that the conviction was allowed to stand and he is currently serving a 24-year sentence in the Department of Corrections.

¶ 22    As discussed above, Merchant's pro se motion arguably did not raise, and certainly did not adequately develop, a constitutional speedy trial argument. Moreover, although postconviction counsel did make it clear that he intended to pursue the constitutional speedy trial issue, the supplement did not include any substantive argument and barely even mentioned Merchant's claim of ineffective assistance of direct appeal counsel. The postconviction court could have denied the motion on this ground alone. *See People v. Osorio*, 170 P.3d 796, 799 (Colo. App. 2007) (holding that a district court may deny a claim of ineffective assistance of counsel if the claim is

bare and conclusory in nature, or lacks supporting factual allegations).  Nonetheless, based on the limited information it had, the court conducted a detailed analysis of Merchant's constitutional speedy trial claim and ultimately concluded that it was unlikely to prevail on the merits.  As a result of the substantive argument's weakness, the court concluded, direct appeal counsel was not ineffective for failing to pursue it.

¶ 23    We discern no error in the court's ruling.  In order to prevail on his ineffective assistance claim, Merchant would eventually have needed to establish that the underlying constitutional speedy trial claim was viable.  Otherwise, he would not be able to establish *Strickland*'s prejudice prong.  And while he did not need to set forth detailed evidentiary support for the allegations in his Rule 35(c) motion in order to qualify for a hearing, *see People v. Delgado*, 2019 COA 55, ¶ 33, it was still incumbent on him to advance a colorable claim.  Neither the pro se motion nor the supplement did so.  For example, neither filing even mentioned the factors relevant to evaluating a constitutional speedy trial claim outlined in *Barker*.  Instead, the pro se motion focused on arguments related to statutory speedy trial claims, and the supplement merely

15

mentioned that Merchant's motion had a constitutional angle as well. Without some allegations concerning the *Barker* factors — especially prejudice — Merchant could not have qualified for relief. *See, e.g., United States v. Larson*, 627 F.3d 1198, 1210-11 (10th Cir. 2010) (concluding that the applicant "fail[ed] to show prejudice," in part because his "generalized and conclusory references to the anxiety and distress that purportedly are intrinsic to incarceration are not sufficient to demonstrate particularized prejudice").

¶ 24 To succeed on his ineffective assistance claim, Merchant would eventually need to carry the burden of demonstrating that, but for counsel's errors, he would have prevailed on direct appeal. *See Long*, 126 P.3d at 286. Similarly, to qualify for a hearing, Merchant needed to make allegations that would support a conclusion that there was a reasonable probability his constitutional speedy trial claim would succeed on direct appeal. Because his Crim. P. 35(c) motion made no allegations that would support such a finding, the postconviction court correctly ruled that no hearing was required.

## VI. Habeas Petition

¶ 25   The parties agree that Merchant's "habeas petition," filed on October 14, 2022, should be construed as a Crim. P. 35(c) motion based on its substance. *DePineda v. Price*, 915 P.2d 1278, 1280 (Colo. 1996) ("A habeas corpus petition [that seeks relief available under Crim. P. 35] should be treated as a Crim. P. 35 motion based upon the substantive constitutional issues raised therein, rather than [upon] the label placed on the pleading." (quoting *White v. Denver Dist. Ct.*, 766 P.2d 632, 634 (Colo. 1988))).

¶ 26   However, the court never ruled on Merchant's habeas petition and its associated claim that his twenty-four-year sentence was unconstitutionally disproportionate under the Eighth Amendment. Without an appealable postconviction order, we lack jurisdiction to consider this claim. § 13-4-102(1), C.R.S. 2024. We therefore dismiss this portion of Merchant's appeal.

## VII. Disposition

¶ 27   We affirm the postconviction court's order and dismiss the appeal to the extent that it seeks review of Merchant's habeas petition.

JUDGE WELLING and JUDGE JOHNSON concur.

17