24CA1459 Peo v Hightower 08-07-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1459
Arapahoe County District Court No. 07CR3472
Honorable David N. Karpel, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Marcus Ariel Hightower,

Defendant-Appellant.

ORDER AFFIRMED

Division V
Opinion by JUDGE GROVE
Welling and Johnson, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 7, 2025

Philip J. Weiser, Attorney General, Carmen Moraleda, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Marcus Ariel Hightower, Pro Se

¶ 1     Defendant, Marcus Ariel Hightower, appeals the postconviction court's order denying Crim. P. 35(a) relief.  We affirm.

## I.     Background

¶ 2     In 2010, a jury convicted Hightower of first degree murder after deliberation, felony murder, first degree burglary, robbery, possession of a weapon by a previous offender, violation of a protection order, and several crime of violence counts.  The convictions, which were affirmed on direct appeal, arose from Hightower's killing of his ex-girlfriend, who he shot four times and stabbed sixty times before taking her things and leaving the scene. *People v. Hightower*, (Colo. App. No. 11CA0018, May 29, 2014) (not published pursuant to C.A.R. 35(f)) (*Hightower I*).

¶ 3     At sentencing, the trial court merged the two murder counts and imposed "a sentence of life [in prison] without the possibility of parole."  Although the mittimus contained a notation that the sentence was imposed for "counts 1 and 2," it did not reflect a sentence corresponding to count 2 (felony murder) but rather only count 1 (first degree murder after deliberation).

¶ 4    In April 2024, Hightower filed a pro se Crim. P. 35(a) motion, the denial of which is at issue here.  He asserted that he was incorrectly sentenced to two life sentences for the murder of a single victim.  And he asserted that the Department of Corrections (DOC) failed to complete and transmit a violent offender report required by section 18-1.3-406(1)(a), C.R.S 2024.  For these reasons, he claimed, his sentence was illegal because it was not in full compliance with the statutory scheme.  He asked the court to (1) correct his sentence; (2) sentence him to the Department of Health and Human Services for treatment; (3) remove the "inappropriate" burglary and robbery charges; (4) issue an order directing the DOC to prepare and transmit the "evaluation and diagnostic report," so the court could comply with statutory requirements; and (5) "drop" his first degree murder charge and resentence him to "felony murder within the appropriate sentencing range."

¶ 5    The postconviction court denied the motion in a written order, concluding, as pertinent here, that Hightower's sentence was not illegal.

II.    Discussion

¶ 6     Hightower is pro se on appeal.  However, even applying the most liberal construction standard to his opening brief, *People v. Cali*, 2020 CO 20, ¶ 34, we discern only one contention.  Citing several authorities, including *People v. Bartowsheski*, 661 P.2d 235 (Colo. 1983), and section 18-3-408, C.R.S. 2024, he contends that one of his "murder convictions must go" because "he has two murder convictions in a case involving the death of a single victim, one more than the Colorado legislature permits."

¶ 7     Because Hightower does not reassert his postconviction claim related to the DOC's alleged failure to transmit the violent offender report, we do not address it.  *See, e.g.*, *People v. Osorio*, 170 P.3d 796, 801 (Colo. App. 2007) (claims raised in a defendant's postconviction motion, but not reasserted on appeal, are abandoned).

¶ 8     We note that Hightower frames his appellate contention as a challenge to his conviction.  Such a challenge is cognizable under Crim. P. 35(c), not Crim. P. 35(a).  *See* Crim. P. 35(c)(2)(I).  To the extent his appellate contention replicates his postconviction claim that his sentence is illegal because he received two life sentences,

we confine our review to this claim, and we reject it because, in our view, the record refutes it.

¶ 9      Crim. P. 35(a) allows a court to correct a sentence that was not authorized by law or that was imposed without jurisdiction at any time.  Crim. P. 35(a).  A sentence is not authorized by law when it is inconsistent with the sentencing scheme established by the legislature.  *People v. Wenzinger*, 155 P.3d 415, 418 (Colo. App. 2006).  It is "imposed without jurisdiction" if it lies within the range contemplated by statute but was otherwise imposed in excess of the court's subject matter jurisdiction.  *Id.*

¶ 10      Hightower's motion did not assert that the trial court lacked jurisdiction to impose sentence.  Nor did it dispute that life in prison without the possibility of parole is the statutorily authorized sentence for a class 1 felony, which it was for both felony murder and murder after deliberation at the time Hightower was sentenced.  Instead, he asserted that his sentence was illegal because he received two life sentences, even though there was only one victim.  But Hightower was not sentenced to two life sentences.  Rather, before imposing sentence, the trial court merged Hightower's murder convictions.  The court then imposed "a" sentence of life in

prison without the possibility of parole. Indeed, the mittimus reflects but one life sentence corresponding to count 1 notwithstanding the court's notation that it was imposing the sentence for "counts 1/2."

¶ 11 Thus, Hightower's challenge to his sentence fails.

### III. Disposition

¶ 12 The order is affirmed.

JUDGE WELLING and JUDGE JOHNSON concur.