24CA0758 Peo v Hodge 09-18-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0758
City and County of Denver District Court No. 16CR6282
Honorable Alex C. Myers, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

James E. Hodge,

Defendant-Appellant.

---

ORDER AFFIRMED

Division A
Opinion by CHIEF JUDGE ROMÁN
Berger* and Graham*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 18, 2025

---

Philip J. Weiser, Attorney General, Cata Cuneo, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

James E. Hodge, Pro Se

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    Defendant, James E. Hodge, appeals the district court's order denying his Crim. P. 35(c) motion without a hearing.  We affirm.

## I.    Background

¶ 2    A jury acquitted Hodge of second degree kidnapping but convicted him of first degree burglary and third degree assault after he crawled halfway through a kitchen window of his girlfriend's home and assaulted her.

¶ 3    Before sentencing, Hodge filed a motion alleging that his trial counsel was ineffective by failing to subpoena certain witnesses to testify at trial and failing to issue proper jury instructions.  The district court took "no action" on the motion because Hodge failed to request relief beyond asking the court to "[r]ecognize" counsel's failures.  Two months later, still before sentencing, Hodge filed a second motion alleging that trial counsel was ineffective for failing to subpoena and interview certain witnesses.

¶ 4    At Hodge's sentencing hearing, before the district court ruled on his second motion, Hodge requested that the court discharge trial counsel.  The court granted Hodge's request and continued the sentencing hearing.  When Hodge was unable to hire private counsel, a public defender was appointed to represent him.

1

¶ 5    Subsequently, with the assistance of the public defender, Hodge filed a supplement to his second motion. In it, he asserted that trial counsel was ineffective for failing to subpoena and present testimony from T.F. and S.M., who "could dispute [the victim's] account of the events." After the prosecution responded, the district court construed Hodge's motion as a Crim. P. 33 motion for a new trial given that he had not yet been sentenced and denied it in a written order. The court then sentenced Hodge to eighteen years in prison.

¶ 6    Hodge filed a direct appeal, arguing that (1) the district court abused its discretion by admitting certain evidence at trial; (2) the court violated his constitutional right to confront the witnesses against him; (3) the cumulative effect of the foregoing errors required reversal; and (4) the court erred by denying his Crim. P. 33 motion for a new trial without holding a hearing. *People v. Hodge*, slip op. at ¶ 2 (Colo. App. No. 18CA2151, Dec. 29, 2022) (not published pursuant to C.A.R. 35(e)). A division of this court concluded there was no reversable error and affirmed the judgment of conviction. *Id.*

2

¶ 7     Hodge then filed a timely pro se motion for postconviction relief under Crim. P. 35(c).  In the motion, he asserted the following claims related to trial counsel's performance — that counsel failed to (1) conduct a thorough pretrial investigation; (2) subpoena critical witnesses to testify at trial; (3) challenge the credibility of the victim's testimony; (4) seek sanctions for prosecutorial misconduct; (5) move to recuse the prosecution; (6) advance a cognizable reasonable doubt defense; and (7) adequately represent him at sentencing.  And he claimed that these errors cumulatively resulted in the denial of his right to effective assistance at trial.

¶ 8     In a written order, the district court denied the motion without a hearing.

II.     The District Court Did Not Err by Denying Crim. P. 35(c) Relief

¶ 9     We review de novo a district court's decision to deny a Crim. P. 35(c) motion without a hearing.  *People v. Cali*, 2020 CO 20, ¶ 14.  We perceive no error in that decision here.

¶ 10    A Crim. P. 35(c) motion may be denied without a hearing when "the motion and the files and record of the case show to the satisfaction of the court that the defendant is not entitled to relief."  Crim. P. 35(c)(3)(IV).  This standard is satisfied if (1) the allegations

3

are bare and conclusory; (2) the allegations, even if true, do not warrant relief; or (3) the record directly refutes the claims. *People v. Duran*, 2025 COA 34, ¶ 15. A defendant need not set forth the evidentiary support for the allegations in a Crim. P. 35(c) motion but must assert facts that, if true, would provide a basis for relief. *White v. Denver Dist. Ct.*, 766 P.2d 632, 635 (Colo. 1988). Although a court must broadly construe a pro se litigant's pleadings, it is not a court's role to rewrite those pleadings or act as the litigant's advocate. *Cali*, ¶ 34.

¶ 11 A criminal defendant has a constitutional right to the effective assistance of counsel. U.S. Const. amends. VI, XIV; Colo. Const. art. II, § 16. To obtain relief on an ineffective assistance of counsel claim, a defendant must show that (1) counsel's performance was deficient, in that it fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). A court may deny an ineffective assistance claim without a hearing if the defendant fails to allege facts sufficient to satisfy either prong of this test. *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003).

## A.     Impeaching the Victim's Credibility

¶ 12     Hodge asserts that the district court erred by denying his claim that trial counsel was ineffective because counsel failed to impeach the victim's credibility at trial.  In particular, he asserts that counsel failed to confront the victim with her "numerous inconsistent statements" and investigate and present witnesses who "would have discredited [her] testimony."

¶ 13     In support of his claim that trial counsel failed to confront the victim with her "numerous inconsistent statements," Hodge points to three portions of the victim's testimony that he perceives to be inconsistent.

¶ 14     First, Hodge asserts that the victim's testimony that, when he knocked on her door, "her heart started racing, and she knew she was in trouble" was inconsistent because he and the victim had never "engaged in acts of domestic violence prior to this incident." But the victim admitted on direct examination that she was a victim of prior abuse, clarified that it did not involve Hodge, and Hodge's counsel argued this point in closing.

¶ 15     Second, Hodge alleges that the victim was "the aggressor" and trial counsel "did not question [her] about her propensity for

5

physical aggression."  But counsel did question the victim about her own acts of aggression, and she testified that when Hodge made fun of her, she "picked [Hodge] up by his shirt" and "kept pushing him and pushing him."  Hodge does not identify any other evidence that would show that the victim had a "propensity for physical aggression."

¶ 16    Third, Hodge points to the inconsistency in the victim's testimony concerning when she called 911, but again, counsel argued this point in closing.  Counsel told the jury during closing argument that the victim's testimony about when she called 911 "can't be correct," and reminded the jury of the testimony from the police officers about when the 911 call was made.

¶ 17    So, the record shows that trial counsel *did* raise issues at trial concerning the victim's credibility that Hodge now claims counsel failed to raise.

¶ 18    Finally, we note that the division's opinion on direct appeal analyzed the consistency of the victim's statements and corroborating evidence as part of its harmless error analysis. *Hodge,* slip op at ¶¶ 43-48.  In particular, the division noted that while the "victim's credibility" was a "focal issue," it "was not the

6

only such issue" and "defense counsel cross-examined the victim at length." *Id.* at ¶ 48. Based on our review of the record, we agree with that division's assessment of the victim's testimony based on the evidence that was presented at trial.

¶ 19 As to Hodge's claim that trial counsel failed to investigate and present witnesses, he alleges that the potential witnesses "would have verified" that the victim "was intoxicated" on the evening in question, and that they could have testified about the victim's "character for truthfulness." But trial counsel questioned the victim about the intoxicating substances she had consumed that evening, and counsel argued this point in closing. And Hodge does not identify the witnesses who would have provided testimony concerning the victim's intoxication or character for truthfulness. Nor does he provide any details about what their testimony might have been.

¶ 20 Therefore, we conclude that Hodge's ineffective assistance claims regarding counsel's alleged failure to highlight inconsistencies with the victim's testimony are either refuted by the record or are conclusory because they lack any specificity as to what information or testimony any such additional witnesses would

have provided or how that information or testimony would have changed the outcome of the trial. *See People v. Osorio*, 170 P.3d 796, 801 (Colo. App. 2007) (the defendant's motion was properly denied without appointing counsel or holding an evidentiary hearing when the allegations were conclusory or refuted by the record). Accordingly, we conclude that the district court did not err by denying this claim.

### B. Recuse the Prosecution

¶ 21 Next, Hodge asserts that the district court erred by denying his claim that trial counsel was ineffective for failing to "move to recuse the prosecution" because the prosecution presented "out-of-court statements" from a witness who did not testify at trial, and because it introduced evidence that made the victim "appear more credible to the jury." The court denied this claim because it found that Hodge failed to allege facts that, taken as true, entitled him to relief. We agree with the district court.

¶ 22 A district attorney may only be disqualified in a particular case (1) at the request of the district attorney; (2) if the court finds that the district attorney has a personal or financial interest; or (3) if the court finds special circumstances that would render it unlikely that

the defendant would receive a fair trial. § 20-1-107(2), C.R.S. 2024; *People v. Solis*, 2022 CO 53, ¶ 23.

¶ 23    In his Crim. P. 35(c) motion, Hodge asserted that trial counsel should have moved to disqualify the prosecutor after she introduced (1) out-of-court statements by a witness who did not testify at trial, and (2) evidence that law enforcement believed the victim's statements were "consistent." Because these facts are not a basis for disqualification pursuant to section 20-1-107(2), trial counsel's performance was not deficient for failing to move to disqualify on these grounds. And, to the extent Hodge challenges the admission of this evidence, or counsel's failure "to subpoena two exculpatory witnesses," T.F. and S.M., to testify at trial, such claims are successive because they were raised in his Crim. P. 33 motion and on direct appeal and were denied on the merits by the district court and a division of this court. *See Hodge*, slip op at ¶¶ 3, 60-73; Crim. P. 35(c)(3)(VI), (VII); *cf. People v. Vondra*, 240 P.3d 493, 495 (Colo. App. 2010) ("Although Crim. P. 35(c)(3)(VIII) provides that a defendant need not raise ineffective assistance of counsel claims on direct appeal and may instead present them for the first time in a postconviction motion," if the district court "had an opportunity to

and did consider [the] defendant's ineffective assistance of counsel claims before he filed his direct appeal," the defendant's "attempt[] to relitigate claims the district court had already resolved against him" is barred as successive.). Accordingly, we conclude that the district court did not err by denying this claim.

### C. Reasonable Doubt Defense

¶ 24 Finally, Hodge asserts that the district court erred by denying his claim that trial counsel was ineffective for not "advancing a reasonable doubt defense" because counsel did not hold the prosecution to its burden of proving guilt beyond a reasonable doubt. In support of this claim, Hodge relies on trial counsel's failure to call T.F. and S.M. to testify at trial and counsel's failure to photograph the window he "was accused of trying to climb through."

¶ 25 As already discussed, Hodge raised his claim regarding counsel's failure to call T.F. and S.M. in his Crim. P. 33 motion, the district court denied the claim, and that ruling was affirmed on direct appeal. *See Hodge*, slip op at ¶¶ 60-73. Additionally, even accepting as true Hodge's assertion that his counsel failed to thoroughly investigate the window, he fails to explain how the result

of the proceeding would have been different. *See Strickland*, 466 U.S. at 694; *Zuniga*, 80 P.3d at 973 (rejecting the defendant's claim that counsel was ineffective for conducting an inadequate investigation because he did "not explain[] what additional investigation counsel should have done, what the results of those efforts would have been, and how they would have affected the outcome of the case").

¶ 26 Furthermore, the record refutes this claim because trial counsel argued in closing that the evidence presented was insufficient to prove, beyond a reasonable doubt, each element of the charged offenses. Counsel pointed out the weaknesses in the evidence for each offense charged and asked the jury "to return verdicts of not guilty on all charges." And, in doing so, counsel successfully obtained an acquittal on the kidnapping charge. Therefore, we conclude that the district court did not err when it denied this claim.

### D. Remaining Claims

¶ 27 We recognize that the district court did not specifically address Hodge's claims that trial counsel failed to (1) conduct a thorough pretrial investigation; (2) subpoena critical witnesses to testify at

11

trial; (3) seek sanctions for prosecutorial misconduct; and (4) adequately represent Hodge at sentencing. But we conclude that these claims — to the extent they are standalone claims not included within the claims addressed above — are too bare and conclusory to warrant a hearing because Hodge merely lists these claims in his "Summary of the Argument" without any specific argument or authority supporting them. *See Osorio*, 170 P.3d at 799 ("A trial court may also deny relief where the allegations of counsel's deficient performance are merely conclusory, vague, or lacking in detail."); *see also People v. Thompson*, 2020 COA 117, ¶ 55 n.7 (we may affirm on any ground supported by the record, even if the district court did not address it).

¶ 28     The district court also did not address Hodge's claim that these errors cumulatively resulted in the denial of his right to effective assistance at trial. Because we reject all of Hodge's claims of ineffective assistance of counsel, "there are not multiple errors to compound" to support this claim of ineffective assistance of counsel. *See People v. Walton*, 167 P.3d 163, 169 (Colo. App. 2007). Accordingly, there was no cumulative error, and the district court

12

did not err in denying Hodge's Crim. P. 35(c) motion without a hearing.

## III.  Unpreserved Claims

¶ 29    To the extent Hodge asserts that trial counsel was ineffective for failing to argue to the jury that the platter he purportedly hit the victim with "had not been dusted for fingerprints," "examined for damage," or otherwise tested by his investigator, these claims were not raised in the district court and therefore, we decline to address them for the first time on appeal.  *See People v. Goldman*, 923 P.2d 374, 375 (Colo. App. 1996) (allegations not raised in a postconviction motion and, thus, not ruled on by the district court, are not properly postured for appellate review).

## IV.  Disposition

¶ 30    The order is affirmed.

JUDGE BERGER and JUDGE GRAHAM concur.